**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**AUG 1 6 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOE B. MCDUFFIE<br>Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. B-01-143 |
| | § | |
| GUILLERMO SALINAS, JR.,<br>HECTOR GARZA and JENNIFER<br>KEESE,<br>Defendants | § | |
| | § | |
| | § | |
| | § | |

---

### NOTICE OF REMOVAL
### OF GUILLERMO SALINAS, JR. AND HECTOR GARZA

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants GUILLERMO SALINAS, JR. and HECTOR GARZA, (hereinafter referred to as "Defendants Salinas and Garza"), file this their Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, on the basis of federal question jurisdiction. In support thereof, Defendants would respectfully show this Honorable Court the following:

### I.
### Brief Statement of Facts

1.     On June 21, 2001, this cause of action was commenced by Plaintiff Joe B. McDuffie, *pro se*, in the County Court at Law in Willacy County, Texas. A true and correct of copy of Plaintiff's Original Petition is attached as Exhibit A.

2.     On or about July 17, 2001, citation and Plaintiff's Original Petition were served upon Defendants Salinas and Garza.

3.     This Removal is timely made, and as shown below, the action is removable pursuant to 28 U.S.C. §§ 1343, 1441(b) and (c), as well as 1443.

### II.
### Arguments and Authorities

4.     Plaintiff files suit against Defendants Salinas and Garza for actions arising from the executions of these Defendants' duties as Willacy County Sheriff's deputies. Plaintiff complains

---

Notice Of Removal                                                                                      Page 1

CutePDF - www.cutepdf.com

that Defendants Salinas and Garza violated his rights to be free from wrongful arrest, prosecution without probable cause, wrongful imprisonment, and unreasonable force. These causes of action arise from the rights preserved by the United States Constitution. Plaintiff further sues complaining that these Defendants were guilty of abuse of office and negligence. As Plaintiff complains that he has been deprived of federally protected rights of liberty and property under color of state law, Plaintiff's claims are within the original and removal jurisdiction of this Honorable Court.

5.      This litigation is removable pursuant to 28 U.S.C. §§ 1441, 1443 and 1446. These Defendants respectfully request this removal within thirty days after Defendants' receipt of a copy of the initial pleadings setting forth a claim for relief upon which such action or proceeding is based. Consent to remove this case has been timely given by Defendant Jennifer Keese. See Exhibit B, attached hereto.

6.      By reason of the aforementioned premises, said Defendants desire and are entitled to have this cause removed from the County Court at Law of Willacy County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, such being the district where said suit is pending.

7.      Written notice of the filing of this Notice of Removal will be given to adverse parties and all counsel of record as required by law.

8.      Notification of the filing of this Notice of Removal will also be filed with the Clerk of the County Court at Law of Willacy County, Texas.

9.      Defendants have requested and will file under separate cover the docket sheet, returns of service, orders, and pleadings from the County Court of Willacy County.

WHEREFORE, PREMISES CONSIDERED, Defendants Guillermo Salinas, Jr. and Hector Garza pray that this action be removed to this Court and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

*William W. Krueger III*

William W. Krueger III (lead counsel)
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**


### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Notice of Removal** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

by Certified Mail Return Receipt Requested on ___August 14___, 2001.

*William W. Krueger III*

William W. Krueger, III

Case 1:01-cv-00143   Document 1   Filed in TXSD on 08/16/2001   Page 4 of 51

CAUSE NO. 2442

JOE B. MCDUFFIE                    IN THE COUNTY COURT
VS                                 OF
GUILLERMO SALINAS, JR              WILLACY COUNTY, TEXAS
HECTOR GARZA
JENNIFER KEESE

## ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie, and files this his Original Petition in the above styled and numbered cause and for his grounds would show the Court the following:

I.

Plaintiff, Joe B. McDuffie, is an individual residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.
Defendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main Raymondville, Willacy County, Texas.
Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.
Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas.

II.

### Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount of damages is within the jurisdictional limits of this court.
Venue is proper in that this cause of action occured in this precinct.

III.

### Facts

On or about the morning of December 15, 2000, around 7:05 am Plaintiff's wife had been outside getting Plaintiff's three children off on the San Perlita school bus. The bus had left the bus stop when Plaintiff's wife came in telling Plaintiff that there was a loose dog and it was bothering Plaintiff's dog, which Plaintiff's dog was chained to a tree in Plaintiff's front yard. Plaintiff was sitting at his computer desk in the living room when Plaintiff's wife told him about the stray dog. Plaintiff's wife is handicapped and wears a knee brace, she would be no match if she was ever attacked by a dog. Plaintiff went out with the intention of getting Plaintiff's dog out of harms way and bring Plaintiff's dog inside the house. Plaintiff had previous contact with this stray dog at a boat storage unit where the stray dog growled and bared its teeth at Plaintiff. Plaintiff had to get up from the computer, go to the his bedroom in the back of the house, unlock the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and



EXHIBIT
A

Case 1:01-cv-00143   Document 1   Filed in TXSD on 08/16/2001   Page 5 of 51

bird shot gun shell. As Plaintiff walked out into his front yard, the
stray dog was snarling, baring its teeth only inches away from
Plaintiff's dog, it turned towards Plaintiff who was in a position in
which he could not run back to the house. That's when Plaintiff shot
the dog because he was in immediate danger and could not get away and
the dog was acting like it had rabies. Plaintiff's wife was in the
house at the front door and was witness to the incident (Exhibit A is
an Affadavit from Katharine L. McDuffie, Plaintiff's wife and said
document is hereby incorporated by reference as if fully copied
herein). The San Perlita school bus was nowhere in sight, it had
already turned onto an intersecting street and at the next bus stop
several streets down, well out of the line of fire (Exhibit B is an
Affadavit from Josie Catharine Hough, a sixteen year old Sophomore
student attending San Perlita High School who gets on the San Perlita
school bus at the next bus stop after Plaintiff's house and said
document is hereby incorporated by reference as if fully copied
herein). A person cannot even see Plaintiff's house from that bus stop
(Exhibit C are true and correct copies of two satelite images from the
Internet Website of Microsoft Terra Server, the images are the courtesy
of the United States Geological Survey of the south side of Port
Mansfield, Willacy County, Texas and a map of Port Mansfield
identifying the names of the streets and demonstrating the two
locations of the San Perlita school bus stops for Plaintiff's children
and Witness Josie Catharine Hough and said copies is hereby
incorporated by reference as if fully copied herein). Across the
street from Plaintiff's house is an empty field.
      Defendant Jennifer Keese called in a complaint that morning
telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog,
no mention of a school bus on the initial complaint Offense Report
(Exhibit D is a true and correct copy of the initial complaint Report
taken by Deputy Nichols and said copy is hereby incorporated by
reference as if fully copied herein). The three following sworn
statements made by Defendant Jennifer Keese are inconsistent with the
original complaint Offense Report (Exhibit E is a true and correct copy
of the Affadavit from Defendant Jennifer Keese made 5 days after the
intial Offense Report and said document is hereby incorporated by
reference as if fully copied herein)(Exhibit F is a true and correct
copy of an Affadavit from Defendant Jennifer Keese on January 17,2001
for Cruelty to Animals and said document is hereby incorporated by
reference as if fully copied herein) (Exhibit G is true and correct
copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001
for Deadly Conduct and said document is hereby incorporated by
reference as if fully copied herein). In the Initial complaint filed
December 16,2000 by Defendant Jennifer Keese (Exhibit D) she refers to
the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit
(Exhibit F) that the dog belongs to someone. Defendant Jennifer Keese
never claimed to be the owner of the stray dog, only that she knew who
the owner was. Defendant Guillermo Salinas Jr., was also aware
Defendant Jennifer Keese did not claim to be the owner of the stray dog
but said she only knew who owned the dog. Please refer to Plaintiff's
wife's affadavit (Exhibit A)where Plaintiff's wife had called the
Willacy County Navigation District Harbor Office and specifically asked
the Harbor Master Susan Nelson to call all the people that were feeding
th stray dog and ask them to come get their loose dog and no one
claimed ownership of the stray dog and it was allowed to continue to
roam freely with no collar and no tags. Plaintiff had prior knowledge
of Defendant Jennifer Keese, whom Plaintiff has no social or casual
association with, crusaded to get Plaintiff's wife fired from her job
as a substitute teacher at San Perlita ISD and as parent volunteer by
giving false statements to Plaintiff's wife's direct supervisor
Principal Eberto Mireles which resulted in Plaintiff's wife's requests

Case 1:01-cv-00143  Document 1  Filed in TXSD on 08/16/2001  Page 6 of 51

from the School to substitute teach drastictly diminished as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50,1999 her gross income was $1,123.00,and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keose made false statements under oath with the intent to deceive.

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls , please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff. The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFICIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are herby incorporated by reference as if fully copied herein). They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affidavit, Exhibit A.

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrants: Cruelty to animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plantiff's wrists. Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Hector Garza had promised to bring Plaintiff the week before about off road dirt bikes and equipment Defendant Hector Garza had told Plaintiff was mandated by the State of Texas. Defendant Hector Garza did not allow Plaintiff to see the warrants long enough or toll Plaintiff which Justice of the Peace

Case 1:01-cv-00143   Document 1   Filed in TXSD on 08/16/2001   Page 7 of 51

signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night. Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours. Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas, the injury to Plaintiff's hands from the tight cuffs. Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house. Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as if fully copied herein.) Plantiff did nothing to provoke such conduct and attitude from Defendant. The arrests were made without probable cause.

## IV.

### Causes of Action

This action is brought individually and severally on all defendants. The term defendant includes all defendants, their agents, servants and employers.

Plaintiff brings his action against Defendant Guillermo Salinas, Jr. for:
1. Wrongful arrest.
2. Malicious prosecution-no probable cause.
3. Wrongful imprisonment.
4. Abuse of office-official oppression(Penal Code 39.03)
5. Negligence, gross and negligence per so.

Plaintiff brings his action against Defendant Hector Garza for:
1. Abuse of office.
2. Unreasonable force

Plaintiff brings his action against Defendant Jennifer Keese for:
1. False statement which led to Plaintiff's arrest.
2. Defamation.
3. Perjury-aggravated perjury.
4. Inconsistent Statements (Penal Code 37.06)
5. False report to get Plaintiff's wife fired from her job as substitute teacher at San Perlita ISD last year(1999-2000)

## V.

### Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to his personal reputation and his family's, great mental and physical anguish for him and his family, time, effort and money to file an ex-parte petition for expungement, and also he has suffered pain and suffering.
Also Plaintiff sues for punitive damages.
The total amount Plaintiff is suing for is four thousand nine hundred ($4,900.00) dollars.

Wherefore premises considered, Plaintiff prays that all three
defendants be cited to appear and answer herin. That after final
adjudication, that the three Defendants be ordered to pay and Plaintiff
be awarded damages, plus, pre and post judgment interest, court costs
and punitive damages.

Plaintiff prays for any other relief at law or in equity
Plaintiff is justly entitled to receive.

Respectfully Submitted,

Joe B. McDuffie

STATE OF TEXAS
COUNTY OF WILLACY

<u>VERIFICATION</u>

I herby certify, that I, Joe B. McDuffie, I have read all the
allegations stated in the Original Petition, and all statements are
true and correct from my own personal knowledge.

_____
Joe B. McDuffie

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the
the 21 day of July, 2001, which witness my hand and seal.

_____
Notary Public-State of Texas

Susan Nelson
_____
Printed Name of Notary
My commission expires: Mar 2 2002

SUSAN NELSON
Notary Public
STATE OF TEXAS
My Comm. Exp. Mar. 2, 2002

FILED 16 DAY OF July
20 01 @ 11:05 AM.
TERRY FLORES. CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____
Deputy

Case 1:01-cv-00143   Document 1   Filed in TXSD on 08/16/2001   Page 9 of 51

# CITATION

THE STATE OF TEXAS

To   GUILLERMO SALINAS, JR.

576 W. MAIN

RAYMONDVILLE, TEXAS 78580

Defendant____, in the hereinafter styled and numbered cause: 2442

YOU ARE HEREBY COMMANDED to appear before the _____ COUNTY _____ Court of _____ WILLACY _____ County, Texas, to be held at the courthouse of said County in the City of _____ RAYMONDVILLE _____, _____ WILLACY _____ County, Texas, by filing a written answer to the petition of plaintiff_S_ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number _____ 2442 _____, styled JOE B. McDUFFIE

_____, Plaintiff____,

vs.   GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE _____, Defendant____,

filed in said court on the _16._ day of _JULY_____, 20 01 .

Plaintiff is represented by _____, whose address is _____

street            city            state            zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____ 16TH _____ day of _____ JULY _____, 20 01 .

TERRY FLORES

COUNTY Clerk of WILLACY County, Texas

540 W. HIDALGO, 1ST FLOOR

Clerk's address

RAYMONDVILLE, TEXAS 78580

By _____ Deputy.
        RUTH PENA

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

DEFENDANT(S) COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| JOE B. MCDUFFIE<br>    Plaintiff,<br><br>vs.<br><br>GUILLERMO SALINAS, JR.,<br>HECTOR GARZA and JENNIFER<br>KEESE,<br>    Defendants | §<br>§<br>§<br>§<br>§     Civil Action No._____<br>§<br>§<br>§<br>§ |

## DEFENDANT JENNIFER KEESE
## CONSENT TO REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Jennifer Keese hereby acknowledges her consent to the removal of the above-referenced matter to federal court.

Respectfully submitted,



Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas  78598

**EXHIBIT**

B

Consent to Removal

Page 1

## Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Consent to Removal** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Joanna R. Lippman
FLETCHER & SPRINGER, L.L.P.
720 Brazos, Suite 720
Austin, Texas 78701

by Certified Mail Return Receipt Requested on *August 14, 2001,* 2001.

Jennifer Keese, *pro se*

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOE B. MCDUFFIE**<br>    **Plaintiff,** | § <br> § <br> § | |
| **vs.** | § <br> § | Civil Action No. B-01-143 |
| **GUILLERMO SALINAS, JR.,**<br>**HECTOR GARZA and JENNIFER**<br>**KEESE,**<br>    **Defendants** | § <br> § <br> § <br> § <br> § | |

## NOTICE OF PARTIES' IDENTITIES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants GUILLERMO SALINAS, JR. and HECTOR GARZA, (hereinafter referred to as "Defendants Salinas and Garza"), file this Notice of Parties' Identities involved in the above-referenced matter, and would respectfully identify the parties as follows:

COUNSEL FOR PLAINTIFF JOE McDUFFIE:
> **Pro Se**
> Joe B. McDuffie
> 303 South Shore Drive
> Port Mansfield, Texas 78598
> phone number unknown

COUNSEL FOR DEFENDANT JENNIFER KEESE
> **Pro Se**
> Jennifer Keese
> 123 Beach St.
> Port Mansfield, Texas  78598
> 956/944-2447

COUNSEL FOR DEFENDANTS GUILLERMO SALINAS, JR. and HECTOR GARZA
> William W. Krueger III (lead counsel)
> State Bar No. 11740530
> Joanna R. Lippman
> State Bar No. 00791122
> **FLETCHER & SPRINGER, L.L.P.**
> 720 Brazos Street, Suite 1100
> Austin, Texas  78701
> (512) 476-5300 [voice]
> (512) 476-5771 [facsimile]

---

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]


William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**

### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Defendants' Notice of Removal** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

by Certified Mail Return Receipt Requested on ____August 14____, 2001.


William W. Krueger, III

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOE B. MCDUFFIE**<br>    **Plaintiff,** | §<br>§<br>§ | |
| **vs.** | §<br>§ | Civil Action No. **B - 01 - 1 43** |
| **GUILLERMO SALINAS, JR.,**<br>**HECTOR GARZA and JENNIFER**<br>**KEESE,**<br>    **Defendants** | §<br>§<br>§<br>§ | |

## INDEX OF STATE COURT DOCUMENTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants GUILLERMO SALINAS, JR. and HECTOR GARZA, (hereinafter referred to as "Defendants Salinas and Garza"), file this Index of State Court Documents with attachments.

1.  Original Petition;

2.  Defendants' Original Answer, Special Exceptions and Countclaim;

3.  Certificate of Written Discovery, Certificate of Service;

4.  Request for Disclosure, Certificate of Service;

5.  Citation by Personal Service on Guillermo Salinas, Jr.;

6.  Citation by Personal Service on Jennifer Keese;

7.  Citation by Personal Service on Hector Garza;

8.  Counter-Defendant's Original Anser;

9.  First Amended Original Answer

10. Original Answer, Special Exceptions, and Affirmative Defenses of
    Defendants Guillermo Salinas, Jr. and Hector Garza;

11. Court's Docket Sheet

CHMPDF - www.verysoft.com

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas  78701
(512)  476-5300 [voice]
(512)  476-5771 [facsimile]


William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**

### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Defendants' Notice of Removal** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas  78598

by Certified Mail Return Receipt Requested on ___August 15___, 2001.

William W. Krueger, III

Legal Tabs Co  1-800-322-3022

Recycled    Stock # DO-10-B

©MPDF – www.fastio.com

CAUSE NO. 2442

JOE B. MCDUFFIE                    IN THE COUNTY COURT
VS                                 OF
GUILLERMO SALINAS, JR              WILLACY COUNTY, TEXAS
HECTOR GARZA
JENNIFER KEESE

## ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie, and files this his Original Petition
in the above styled and numbered cause and for his grounds would show
the Court the following:

### I.

Plaintiff, Joe B. McDuffie, is an individual residing in Port
Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield,
Willacy County, Texas.
Defendant, Guillermo Salinas, Jr., is an individual who resides in
Raymondville, Willacy County, Texas and may be served at Willacy County
Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W.
Main Raymondville, Willacy County, Texas.
Defendant, Hector Garza, is an individual who resides in Port
Mansfield, Willacy County, Texas and may be served at Port Mansfield,
Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy
County, Texas.
Defendant, Jennifer Keese, is an individual who resides in Port
Mansfield, Willacy County, Texas and may be served at Port Mansfield,
Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy
County, Texas.

### II.

### Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount of
damages is within the jurisdictional limits of this court.
Venue is proper in that this cause of action occured in this
precinct.

### III.

### Facts

On or about the morning of December 15, 2000, around 7:05 am
Plaintiff's wife had been outside getting Plaintiff's three children
off on the San Perlita school bus. The bus had left the bus stop when
Plaintiff's wife came in telling Plaintiff that there was a loose dog
and it was bothering Plaintiff's dog, which Plaintiff's dog was chained
to a tree in Plaintiff's front yard. Plaintiff was sitting at his
computer desk in the living room when Plaintiff's wife told him about
the stray dog. Plaintiff's wife is handicapped and wears a knee brace,
she would be no match if she was ever attacked by a dog. Plaintiff
went out with the intention of getting Plaintiff's dog out of harms way
and bring Plaintiff's dog inside the house. Plaintiff had previous
contact with this stray dog at a boat storage unit where the stray dog
growled and bared its teeth at Plaintiff. Plaintiff had to get up from
the computer, go to the his bedroom in the back of the house, unlock
the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and

bird shot gun shell.  As Plaintiff walked out into his front yard, the
stray dog was snarling, baring its teeth only inches away from
Plaintiff's dog, it turned towards Plaintiff who was in a position in
which he could not run back to the house.  That's when Plaintiff shot
the dog because he was in immediate danger and could not get away and
the dog was acting like it had rabies.  Plaintiff's wife was in the
house at the front door and was witness to the incident (Exhibit A is
an Affadavit from Katherine L. McDuffie, Plaintiff's wife and said
document is hereby incorporated by reference as if fully copied
herein).  The San Perlita school bus was nowhere in sight, it had
already turned onto an intersecting street and at the next bus stop
several streets down, well out of the line of fire (Exhibit B is an
Affadavit from Josie Catherine Hough, a sixteen year old Sophomore
student attending San Perlita High School who gets on the San Perlita
school bus at the next bus stop after Plaintiff's house and said
document is hereby incorporated by reference as if fully copied
herein).  A person cannot even see Plaintiff's house from that bus stop
(Exhibit C are true and correct copies of two satelite images from the
Internet Website of Microsoft Terra Server, the images are the courtesy
of the United States Geological Survey of the south side of Port
Mansfield, Willacy County, Texas and a map of Port Mansfield
identifying the names of the streets and demonstrating the two
locations of the San Perlita school bus stops for Plaintiff's children
and Witness Josie Catherine Hough and said copies is hereby
incorporated by reference as if fully copied herein).  Across the
street from Plaintiff's house is an empty field.
     Defendant Jennifer Keese called in a complaint that morning
telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog,
no mention of a school bus on the initial complaint Offense Report
(Exhibit D is a true and correct copy of the initial Offense Report
taken by Deputy Nichols and said copy is hereby incorporated by
reference as if fully copied herein).  The three following sworn
statements made by Defendant Jennifer Keese are inconsistent with the
original complaint Offense Report (Exhibit E is a true and correct copy
of the Affadavit from Defendant Jennifer Keese made 5 days after the
intial Offense Report and said document is hereby incorporated by
reference as if fully copied herein)(Exhibit F is a true and correct
copy of an Affadavit from Defendant Jennifer Keese on January 17,2001
for Cruelty to Animals and said document is hereby incorporated by
reference as if fully copied herein) (Exhibit G is true and correct
copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001
for Deadly Conduct and said document is hereby incorporated by
reference as if fully copied herein).  In the Initial complaint filed
December 15,2000 by Defendant Jennifer Keese (Exhibit D) she refers to
the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit
(Exhibit F) that the dog belongs to someone.  Defendant Jennifer Keese
never claimed to be the owner of the stray dog, only that she knew who
the owner was.  Defendant Guillermo Salinas Jr., was also aware
Defendant Jennifer Keese did not claim to be the owner of the stray dog
but said she only knew who owned the dog.  Please refer to Plaintiff's
wife's affadavit (Exhibit A)where Plaintiff's wife had called the
Willacy County Navigation District Harbor Office and specifically asked
the Harbor Master Susan Nelson to call all the people that were feeding
th stary dog and ask them to come get their loose dog and no one
claimed ownership of the stray dog and it was allowed to continue to
roam freely with no collar and no tags.  Plaintiff had prior knowledge
of Defendant Jennifer Keese, whom Plaintiff has no social or casual
association with, crusaded to get Plaintiff's wife fired from her job
as a substitute teacher at San Perlita ISD and as parent volunteer by
giving false statements to Plaintiff's wife's direct supervisor
Principal Eberto Mireles which resulted in Plaintiff's wife's requests

from the School to substitute teach drastictly diminished as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50,1999 her gross income was $1,125.00,and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keese made false statements under oath with the intent to deceive.

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls , please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff. The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFIECIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are herby incorporated by reference as if fully copied herein). They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affadavit, Exhibit A.

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrents: Cruelty to animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plantiff's wrists. Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Hector Garza had promised to bring Plaintiff the week before about off road dirt bikes and equipment Defendant Hector Garza had told Plaintiff was mandated by the State of Texas. Defendant Hector Garza did not allow Plaintiff to see the warrants long enough or tell Plaintiff which Justice of the Peace

signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night. Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours.  Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas, the injury to Plaintiff's hands from the tight cuffs. Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house. Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as if fully copied herein.)  Plantiff did nothing to provoke such conduct and attitude from Defendant.  The arrests were made without probable cause.

## IV.

### Causes of Action

This action is brought individually and severally on all defendants.  The term defendant includes all defendants, their agents, servants and employers.

Plaintiff brings his action against Defendant Guillermo Salinas, Jr. for:
1.  Wrongful arrest.
2.  Malicious prosecution-no probable cause.
3.  Wrongful imprisonment.
4.  Abuse of office-official oppression(Penal Code 39.03)
5.  Negligence, gross and negligence per se.

Plaintiff brings his action against Defendant Hector Garza for:
1.  Abuse of office.
2.  Unreasonable force

Plaintiff brings his action against Defendant Jennifer Keese for:
1.  False statement which led to Plaintiff's arrest.
2.  Defamation.
3.  Perjury-aggravated perjury.
4.  Inconsistent Statements (Penal Code 37.06)
5.  False report to get Plaintiff's wife fired from her job as substitute teacher at San Perlita ISD last year(1999-2000)

## V.

### Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to his personal reputation and his family's, great mental and physical anguish for him and his family, time, effort and money to file an ex-parte petition for expungement, and also he has suffered pain and suffering.

Also Plaintiff sues for punitive damages.

The total amount Plaintiff is suing for is four thousand nine hundred ($4,900.00) dollars.

Wherefore premises considered, Plaintiff prays that all three defendants be cited to appear and answer herin.  That after final adjudication, that the three Defendants be ordered to pay and Plaintiff be awarded damages, plus, pre and post judgment interest, court costs and punitive damages.

Plaintiff prays for any other relief at law or in equity Plaintiff is justly entitled to receive.

Respectfully Submitted,

Joe B. McDuffie


STATE OF TEXAS
COUNTY OF WILLACY

**VERIFICATION**

I herby certify, that I, Joe B. McDuffie, I have read all the allegations stated in the Original Petition, and all statements are true and correct from my own personal knowledge.

_____
Joe B. McDuffie

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the the 21 day of June, 2001, which witness my hand and seal.

_____
Notary Public-State of Texas

SUSAN NELSON
Notary Public
STATE OF TEXAS
My Comm Exp Mar 2 2002

Susan Nelson
_____
Printed Name of Notary
My commission expires: MAr 2, 2002


FILED 16 DAY OF July
20 01 @ 11:05 PM.
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____
                Deputy

**2**

Legal Tabs Co  1-800-322-3022

Recycled    Stock # DO-10-B

ClibPDF - www.fastio.com

NO. 2442


JOE B. MCDUFFIE                          IN THE COUNTY COURT OF

vs.

GUILLERMO SALINAS, JR.,
HECTOR GARZA AND
JENNIFER KEESE                           WILLACY COUNTY, TEXAS


### DEFENDANTS' ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND COUNTERCLAIM


TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,  JENNIFER KEESE, Pro Se , Defendant in the above entitled and

numbered cause, and in response to the claims and allegations in Plaintiffs Original

Petition on file herein, would respectfully show the Court the following:

### ORIGINAL ANSWER

I.

Defendant denies each and every, all and singular, the material allegations in

Plaintiffs Original Petition, and demands strict proof thereof by a preponderance of the

credible evidence, as is required by the Constitution and laws of the State of Texas.

II.

Defendant at this time reserves the right to amend this answer after she has had a

chance to examine more fully the allegations in Plaintiffs Original Petition.

## SPECIAL EXCEPTIONS

I.

Defendant specially excepts to the pleading in Plaintiffs Original Petition as follows:

1. Plaintiffs Original Petition, paragraph III, fails to comply with Texas Rules of Civil Procedure, Rule 47 (b).

2. Plaintiffs Original Petition, paragraph V., fails to comply with Texas Rules of Civil Procedure, Rule 47 (c).

3. Plaintiffs Original Petition, paragraphs III and IV fail to comply with Texas Rules of Civil Procedure, Rule 50.

4. Plaintiffs Original Petition fails to comply with Rule 190.1, of the Texas Rules of Civil Procedure.

Defendant asks the Court to grant the exceptions set out above, and, upon Plaintiff's failure to amend and comply with the Texas Rules of Civil Procedure, to strike his pleadings with prejudice.

## COUNTERCLAIM

Defendant by counterclaim would show the Court that Plaintiff by his suit has, based on the rambling recitations of Plaintiff, instituted this action to harass, intimidate, and injure Defendant Keese.

## I.

Defendant Keese, by the unwarranted actions of Plaintiff, has been compelled to defend herself, and seeks as damages an amount within the jurisdiction of the Court, together with judgment for all other relief   which Defendant may be entitled.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final judgment and hearing hereof Plaintiff take nothing by his suit, that Defendant be awarded judgment and  her costs of court herein expended, and that she have such other and further relief, both general and special, at law and in equity, to which she may show herself justly entitled.

*Jennifer Keese*
Jennifer Keese, Pro Se
123 Beach Street
Port Mansfield, Texas  78598
(956) 944-2447

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on Joe B. McDuffie, Plaintiff, in accordance with the Texas Rules of Civil Procedure on *27, July*, 2001.

*Jennifer Keese*
Jennifer Keese, Pro Se

FILED 30th DAY OF July
20 01 @ 4:3PM
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO. TEXAS
BY _____
Deputy

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # DO-10-B

CItPDF – www.fastio.com

## NO. 2442

| | | |
|---|---|---|
| JOE B. MCDUFFIE | § | IN THE COUNTY COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| GUILLERMO SALINAS, JR. | § | |
| HECTOR GARZA AND | § | |
| JENNIFER KEESE | § | WILLACY COUNTY, TEXAS |
| Defendants | § | |

## CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Jennifer Keese, Pro Se, Defendant, files this her Certificate of Written Discovery pursuant to Local Rule 3.7 and respectfully shows the Court the following:

On the _27_ day of _July_, 2001, Defendant served Request for Disclosure to Plaintiff, JOE B. MCDUFFIE.

BY: _Jennifer Keese_
JENNIFER KEESE, PRO SE
123 Beach Street
Port Mansfield, Texas  78598
(956) 944-2447

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was this day transmitted to JOE B. MCDUFFIE in accordance with Rule 21 via _Certified Mail_

On this the _27_ day of _July_, 2001.

_Jennifer Keese_
Jennifer Keese, Pro Se

FILED 30th DAY OF July
20 01 @ 4:35 PM.
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO. TEXAS
BY _____
Deputy

Recycled     Stock # DO-10-B

CutePDF - www.fasiso.com

## NO. 2442

| | | |
|---|---|---|
| JOE B. MCDUFFIE | § | IN THE COUNTY COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| GUILLERMO SALINAS, JR. | § | |
| HECTOR GARZA AND | § | |
| JENNIFER KEESE | § | WILLACY COUNTY, TEXAS |
| Defendants | § | |

### REQUEST FOR DISCLOSURE

TO:   Plaintiff, JOE B. MCDUFFIE, 303 S. Shore Dr., Port Mansfield, Texas 78598.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff, requests Joe

B. McDuffie to disclose, within thirty (30) days of service of this request, the information

or material described in Rule 194.2.

Respectfully submitted,

*Jennifer Keese*

JENNIFER KEESE, PRO SE
123 Beach Street
Port Mansfield, Texas  78598
(956) 944-2447

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served pursuant to the Texas Rules of Civil Procedure on the _27_ day of _July_____, 2001.

FILED
30 DAY OF July
2001 @ 4:30 PM
TERRY DE??   ?? COUNTY
C???       ?EXAS
BY _____
        DEPUTY

*Jennifer Keese*

Jennifer Keese

CVisPDF – www.fasiso.com

CITATION—PERSONAL SERVICE—DISTRICT OR COUNTY COURT (Revised 8/90) © Class 3-3          Hart Information Services, Inc.—Austin, Texas

# CITATION

E STATE OF TEXAS

, __GUILLERMO SALINAS, JR.__

__576 W. MAIN__

__RAYMONDVILLE, TEXAS 78580__

fendant____, in the hereinafter styled and numbered cause: 2442

YOU ARE HEREBY COMMANDED to appear before the ____COUNTY____ Court ____

____WILLACY____ County, Texas, to be held at the courthouse of said County in the City of

____RAYMONDVILLE____, ____WILLACY____ County, Texas, by filing a written answer to the

etition of plaintiff _S_ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

copy of which accompanies this citation, in cause number ____2442____, styled

__JOE B. MCDUFFIE__

____, Plaintiff___,

/s. ___GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE____, Defendant___,

filed in said court on the __16__ day of __JULY__, 20 __01__ .

Plaintiff is represented by ____, whose

address is ____.

street                    city                    state                    zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____16TH____ day of

____JULY____, 20 __01__

TERRY FLORES

____COUNTY____ Clerk of ____WILLACY____ County, Texas

540 W. HIDALGO, 1ST FLOOR

Clerk's address

RAYMONDVILLE, TEXAS 78580

By ____ Deputy.

RUTH PENA

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

Recycled   Stock # DO-10-B

Legal Tabs Co  1-800-322-3022

CitaPDF - www.fastio.com

—CITATION—PERSONAL SERVICE—DISTRICT OR COUNTY COURT (Revised 8/90)   Class

# CITATION

STATE OF TEXAS

JENNIFER KEESE

123 BEACH STREET
PORT MANSFIELD TEXAS

fendant_____, in the hereinafter styled and numbered cause: 2442

   YOU ARE HEREBY COMMANDED to appear before the _____ COUNTY _____ Court _____

WILLACY _____ County, Texas, to be held at the courthouse of said County in the City of

RAYMONDVILLE _____, WILLACY _____ County, Texas, by filing a written answer to the

tition of plaintiff S_ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

copy of which accompanies this citation, in cause number _____ 2442 _____, styled

JOE B. MCDUFFIE

_____, Plaintiff___,

/s.  GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE _____, Defendant___,

iled in said court on the ___16TH__ day of _____JULY_____, 20 _01_.

   Plaintiff is represented by _____, whose

address is _____.
          street                    city                 state              zip code

   ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____16TH_____ day of

_____JULY_____, 20 _01_

                                 TERRY FLORES

                                 ___COUNTY___ Clerk of _____WILLACY_____ County, Texas

                                 540 W. HIDALGO, 1ST FLOOR
                                 Clerk's address

                                 RAYMONDVILLE, TEXAS 78580

                        By _____ Deputy.
                                 RUTH PENA

## NOTICE

   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

Recycled    Stock # DO-10-B

Hart Information Services, Inc —Austin, Texas

# CITATION

STATE OF TEXAS

HECTOR GARZA

100 BEACON STREET

PORT MANSFIELD TEXAS

Defendant____, in the hereinafter styled and numbered cause: 2442

YOU ARE HEREBY COMMANDED to appear before the _____COUNTY_____ Court _____

____WILLACY_____ County, Texas, to be held at the courthouse of said County in the City of

____RAYMONDVILLE_____, _____WILLACY_____ County, Texas, by filing a written answer to the

petition of plaintiff__S__ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

copy of which accompanies this citation, in cause number ____2442_____, styled

____JOE B. MCDUFFIE_____

_____, Plaintiff___,

vs. __GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE_____, Defendant___,

filed in said court on the __16__ day of __JULY_____, 20 01 .

Plaintiff is represented by _____, whose

address is _____.
             street                    city                    state              zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____16____ day of

____JULY_____, 20 01 .

TERRY FLORES

__COUNTY____ Clerk of ____WILLACY_____ County, Texas

540 W. HIDALGO, 1ST FLOOR

Clerk's address

RAYMONDVILLE TEXAS 78580

By _____ Deputy.
        RUTH RENA

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

Recycled    Stock # DO-10-B

Legal Tabs Co. 1-800-322-3022

©itoPDF – www.fastio.com

CAUSE NO. 2442

**JOE B. MCDUFFIE**                          IN THE COUNTY COURT OF
**vs**
**GUILLERMO SALINAS, JR.**
**HECTOR GARZA**
**JENNIFER KEESE**                          WILLACY COUNTY, TEXAS

## COUNTER-DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Joe B. McDuffie, Pro Se, Counter-Defendant in the above entitled and numbered cause, and in response to the claims and allegations in Counter-Plaintiff Jennifer Keese's Counter Suit, would respectfully show the Court the following:

### GENERAL DENIAL

Counter-Defendant, Joe B. McDuffie, hereby denies each and every allegation in Counter-Plaintiff Jennifer Keese's counter claim and demands strict proof therefrom. Counter-Defendant prays that Counter-Plaintiff go hense without day and that her claim be dismissed.

### SPECIAL EXCEPTIONS

1. Counter-Plaintiff Jennifer Keese has not stated any Cause of Action for her counter claim.

**WHEREFORE, PREMISES CONSIDERED,** Counter-Defendant, Joe B. McDuffie, prays that Counter-Plaintiff Jennifer Keese's special exceptions be set for a hearing and that she be required to amend her lawsuit to state a cause of action. If she fails to do so within thirty (30) days that her counter claim be dismissed, and upon final judgment and hearing hereof Counter-Plaintiff Jennifer Keese take nothing by her counter claim, that Counter-Defendant Joe B. McDuffie be awarded judgment and his costs of court herein expended, and that he have such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled to receive.

Joe B. McDuffie, pro se
303 S. Shore Dr.
Port Mansfield, Texas 78598
(956) 944-2777

FILED 3rd DAY OF August
20 01
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____
Deputy

Recycled   Stock # DO-10-B

Legal Tabs Co   1-800-322-3022

CibiPDF – www.fastio.com

```
                          CAUSE NO. 2442
JOE B. MCDUFFIE                    IN THE COUNTY COURT
VS                                 OF
GUILLERMO SALINAS, JR              WILLACY COUNTY, TEXAS
HECTOR GARZA
JENNIFER KEESE
```

## FIRST AMENDED ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie, and files this his First Amended Original Petition in the above styled and numbered cause and for his grounds would show the Court the following:

I.

Plaintiff, Joe B. McDuffie, is an individual residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.
Defendendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main Raymondville, Willacy County, Texas.
Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.
Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas.

II.

### Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount of damages is within the jurisdictional limits of this court.
Venue is proper in that this cause of action occured in this precinct.
This law suit is seeking damages for $4,900 (four thousand nine hundred dollars), Level 1 Discovery Control Plan, pursuant to Texas Rules of Civil Procedure 190.2.

III.

### Facts

1.

On or about the morning of December 15, 2000, around 7:05 am Plaintiff's wife had been outside getting Plaintiff's three children off on the San Perlita school bus. The bus had left the bus stop when Plaintiff's wife came in telling Plaintiff that there was a stray dog and it was bothering Plaintiff's dog, which Plaintiff's dog was chained to a tree in Plaintiff's front yard. Plaintiff was sitting at his computer desk in the living room when Plaintiff's wife told him about the stray dog. Plaintiff's wife is handicapped and wears a knee brace, she would be no match if she was ever attacked by a dog. Plaintiff went out with the intention of getting Plaintiff's dog out of harms way and bring Plaintiff's dog inside the house. Plaintiff had previous contact with this stray dog at a boat storage unit where the stray dog growled and bared its teeth at Plaintiff. Plaintiff had to get up from the

computer, go to the his bedroom in the back of the house, unlock the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and bird shot gun shell. As Plaintiff walked out into his front yard, the stray dog was snarling, baring its teeth only inches away from Plaintiff's dog, it turned towards Plaintiff who was in a position in which he could not run back to the house. That's when Plaintiff shot the dog because he was in immediate danger and could not get away and the dog was acting like it had rabies. Plaintiff's wife was in the house at the front door and was witness to the incident (Exhibit A is an Affadavit from Katherine L. McDuffie, Plaintiff's wife and said document is hereby incorporated by reference as if fully copied herein). The San Perlita school bus was nowhere in sight, it had already turned onto an intersecting street and at the next bus stop several streets down, well out of the line of fire (Exhibit B is an Affadavit from Josie Catherine Hough, a sixteen year old Sophomore student attending San Perlita High School who gets on the San Perlita school bus at the next bus stop after Plaintiff's house and said document is hereby incorporated by reference as if fully copied herein). A person cannot even see Plaintiff's house from that bus stop (Exhibit C are true and correct copies of two satelite images from the Internet Website of Microsoft Terra Server, the images are the courtesy of the United States Geological Survey of the south side of Port Mansfield, Willacy County, Texas and a map of Port Mansfield identifying the names of the streets and demonstrating the two locations of the San Perlita school bus stops for Plaintiff's children and Witness Josie Catherine Hough and said copies is hereby incorporated by reference as if fully copied herein). Across the street from Plaintiff's house is an empty field.

2.

Defendant Jennifer Keese called in a complaint that morning telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog, no mention of a school bus on the initial complaint Offense Report (Exhibit D is a true and correct copy of the initial Offense Report taken by Deputy Nichols and said copy is hereby incorporated by reference as if fully copied herein). The three following sworn statements made by Defendant Jennifer Keese are inconsistent with the original complaint Offense Report (Exhibit E is a true and correct copy of the Affadavit from Defendant Jennifer Keese made 5 days after the intial Offense Report and said document is hereby incorporated by reference as if fully copied herein)(Exhibit F is a true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17,2001 for Cruelty to Animals and said document is hereby incorporated by reference as if fully copied herein) (Exhibit G is true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Deadly Conduct and said document is hereby incorporated by reference as if fully copied herein). In the Initial complaint filed December 15,2000 by Defendant Jennifer Keese (Exhibit D) she refers to the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit (Exhibit F) that the dog belongs to someone. Defendant Jennifer Keese never claimed to be the owner of the stray dog, only that she knew who the owner was. Defendant Guillermo Salinas Jr., was also aware Defendant Jennifer Keese did not claim to be the owner of the stray dog but said she only knew who owned the dog. Please refer to Plaintiff's wife's affadavit (Exhibit A)where Plaintiff's wife had called the Willacy County Navigation District Harbor Office and specifically asked the Harbor Master Susan Nelson to call all the people that were feeding the stray dog and ask them to come get their loose dog and no one claimed ownership of the stray dog and it was allowed to continue to roam freely with no collar and no tags. Plaintiff had prior knowledge of Defendant Jennifer Keese, whom Plaintiff has no social or casual association with, crusaded to get Plaintiff's wife fired from her job as a substitute teacher at San Perlita ISD and as parent volunteer by giving false statements to Plaintiff's wife's direct supervisor Principal Eberto Mireles which

resulted in Plaintiff's wife's requests from the School to substitute teach drastictly diminished as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50,1999 her gross income was $1,125.00,and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keese made false statements under oath with the intent to deceive.

3.

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls , please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff. The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFIECIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

4.

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are hereby incorporated by reference as if fully copied herein). They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restrained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affadavit, Exhibit A.

5.

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrents: Cruelty to Animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly Conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plantiff's wrists. Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Garza had promised to

bring Plaintiff the week before about off road dirt bikes and equipment
Defendant Hector Garza had told Plaintiff was mandated by the State of
Texas.  Defendant Hector Garza did not allow Plaintiff to see the
warrants long enough or tell Plaintiff which Justice of the Peace signed
it, so as to be allowed to call and negotiate a possible release.
Plaintiff was not allowed to complete his dressing appropriate for the
extremely cold weather that night.  Defendant Hector Garza had placed
the handcuffs on too tight that it caused swelling and numbness to
Plaintiff's hands and leaving deep wound marks that lasted over four
hours.  Plaintiff showed the jailer on his arrival to the Willacy County
Jail, Willacy County, Texas,  the injury to Plaintiff's hands from the
tight cuffs.  Defendant Hector Garza did not follow department policy
and expeditiously deliver Plaintiff to the facility after the arrest,
instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt
road, causing undue anxiety for Plaintiff, so Defendant Hector Garza
could get his dinner from his house.  Defendant Hector Garza did have
another Willacy County Sheriff's Deputy with him that night. (Exhibit O
is a true and correct copy of the demand notices and are incorporated by
reference as if fully copied herein.)  Plantiff did nothing to provoke
such conduct and attitude from Defendant.  The arrests were made without
probable cause.

### 6.

The claims here are for all unliquidated damages within the
jurisdictional limits of this court.

### IV.

### Causes of Action

### 1.

This action is brought individually and severally on all
defendants.  The term defendant includes all defendants, their agents,
servants and employers.

### 2.

Plaintiff brings his action against Defendant Guillermo Salinas,
Jr. for:
1. Wrongful arrest.
2. Malicious prosecution-no probable cause.
3. Wrongful imprisonment.
4. Abuse of office-official oppression(Penal Code 39.03)
5. Negligence, gross and negligence per se.

### 3.

Plaintiff brings his action against Defendant Hector Garza for:
1. Abuse of office.
2. Unreasonable force

### 4.

Plaintiff brings his action against Defendant Jennifer Keese for:
1. False statement which led to Plaintiff's arrest.
2. Defamation.
3. Perjury-aggravated perjury.
4. Inconsistent Statements (Penal Code 37.06)
5. False report to get Plaintiff's wife fired from her job as
substitute teacher at San Perlita ISD last year(1999-2000)

V.

Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to his personal reputation and his family's, great mental and physical anguish for him and his family, time, effort and money to file an ex-parte petition for expungement, and also he has suffered pain and suffering.

Also Plaintiff sues for punitive damages.

The total amount Plaintiff is suing for is four thousand nine hundred ($4,900.00) dollars.

Wherefore premises considered, Plaintiff prays that all three defendants be cited to appear and answer herein. That after final adjudication, that the three Defendants be ordered to pay jointly and severally and Plaintiff be awarded damages, plus, pre and post judgment interest, court costs and punitive damages.

Plaintiff prays for any other relief at law or in equity Plaintiff is justly entitled to receive.

Plaintiff demands for judgment for all the other relief to which the Plaintiff deems himself entitled to receive.

Respectfully Submitted,

Joe B. McDuffie

STATE OF TEXAS
COUNTY OF WILLACY

**VERIFICATION**

I herby certify, that I, Joe B. McDuffie, I have read all the allegations stated in the First Amended Original Petition, and all statements are true and correct from my own personal knowledge.

Joe B. McDuffie

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the the _3_ day of _August_, 2001, which witness my hand and seal.

Notary Public-State of Texas

Lydia Carpenter
Printed Name of Notary
My commission expires: 06-02-04

LYDIA CARPENTER
Notary Public
STATE OF TEXAS
My Comm Exp 06-07-2004

FILED 3rd DAY OF August
20 01 @ 11:00 AM
TERRY FLORES, CLERK COUNTY
COURT WILLACY CO., TEXAS
BY _____
Deputy

Legal Tabs Co  1-800-322-3022

Recycled    Stock # DO-10-B

No. 2442

| | | |
|---|---|---|
| **JOE B. MCDUFFIE** | § | **IN THE COUNTY COURT** |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **AT LAW NUMBER** |
| | § | |
| **GUILLERMO SALINAS, JR.,** | § | |
| **HECTOR GARZA and JENNIFER** | § | |
| **KEESE,** | § | |
|     **Defendants** | § | **WILLACY COUNTY, TEXAS** |

## ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND AFFIRMATIVE DEFENSES OF DEFENDANTS GUILLERMO SALINAS, JR. AND HECTOR GARZA

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, GUILLERMO SALINAS, JR. AND HECTOR GARZA (hereinafter referred to as "Defendants Salinas and Garza") files this Original Answer, Special Exceptions, and Affirmative Defenses to Plaintiff's Original Petition, and would show unto this Honorable Court the following:

### I.
### Special Exceptions

Defendants Salinas and Garza excepts and objects to Plaintiff's Original Petition in its entirety because it refers to attached affidavits and exhibits that were not attached to the Petitions served on these Defendants. Without such information, these Defendants cannot prepare a proper defense. Defendants Salinas and Garza requests that Plaintiff produce copies of these documents.

### II.

Defendants Salinas and Garza excepts and objects to Plaintiff's Original Petition in its entirety because it fails to identify the capacity in which claims are being asserted against them,

individual or official, nor does it state the legal basis for the claims against them. It is not clear if the basis for the causes of action asserted arise from state and/or federal law. Without such information, these Defendants cannot prepare a proper defense. Defendants Salinas and Garza requests that Plaintiff properly plead his causes of action. In addition, these Defendants hereby preserve their right to remove this case to federal court if and when Plaintiff identifies federal laws and/or the United States constitution as the legal basis for these causes of action.

## III.

Defendants Salinas and Garza would show that at all times relevant to the occurrence described in Plaintiff's pleadings, these Defendants were acting in their official capacity as Sheriff's deputies for Willacy County. They performed their discretionary functions in good faith, and therefore, are immune from liability under the doctrine of official immunity.

## IV.
## General Denial

Defendants Salinas and Garza generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and upon this denial, demand strict proof thereof by a preponderance of the credible evidence.

## V.
## Affirmative Defenses

Answering further, should it be necessary, Defendants Salinas and Garza alleges that Plaintiff has failed to comply with the notice requirements of §101.101 of the Texas Tort Claims Act. Said failure violates the Texas Tort Claims Act and prohibits Plaintiff's prosecution of these proceedings.

## VI.

Defendants Salinas and Garza affirmatively pleads the exemptions from liability contained

in §§ 101.021, 101.026, 101.055, 101.056, 101.057 and 101.062 of the Texas Civil Practice and Remedies Code.

## VII.

Answering further, should it be necessary, Defendants Salinas and Garza alleges that they are entitled to sovereign immunity from any and all claims asserted against Defendants Salinas and Garza in their official capacity.

## VIII.

Defendants Salinas and Garza would show that liability, if any, is limited to the amount recited in §§ 101.023 and 101.024 of the Texas Civil Practice and Remedies Code.

## IX.

Defendants Salinas and Garza pleads that, pursuant to TEX. CIV. PRAC. & REM. CODE, § 101.024, also known as the Texas Tort Claims Act, it is immune from liability for exemplary damages.

## X.

Further, by way of affirmative defense, Defendants Salinas and Garza would show that the damages complained of by the Plaintiff were brought about wholly by new and independent causes not reasonably foreseeable by these Defendants, and therefore, such new and independent cause became the immediate and efficient cause or causes of damages to the extent that any and all negligent acts and/or omissions complained of by the Plaintiff as against Defendants Salinas and Garza were wholly remote and not the cause of any injuries complained of by Plaintiff.

## XI.

Answering further, should it be necessary, Defendants Salinas and Garza alleges that they are entitled to qualified immunity from any and all claims asserted against Defendants Salinas and Garza in their official capacity.

## XII.

Answering further, should it be necessary, Defendants Salinas and Garza alleges that at the time of the occurrence in question, Plaintiff failed to exercise ordinary care for his person. Said failure was negligence and the sole, producing and/or legal cause of said Plaintiff's damages, if any.

## XIII.

Defendants Salinas and Garza continue to deny that it they were in any way negligent or responsible for the occurrence in question and/or for Plaintiff's damages, if any; however, in the unlikely event that Plaintiff should recover judgment against Defendants Salinas and Garza, Defendants Salinas and Garza contends that they are entitled to a determination of percentage of responsibility authorized by TEXAS CIVIL PRACTICE AND REMEDIES CODE § 33.003.

## XIV.

Answering further, Defendants Salinas and Garza alleges that Plaintiff has not complied with the notice provisions of Section 101.101 of the Texas Civil Practice & Remedies Code. Said failure to comply with the statute bars Plaintiff's claim.

WHEREFORE, PREMISES CONSIDERED, Defendants Salinas and Garza pray this matter be set for hearing with proper notice to all parties; and upon hearing, that the Court sustain said Defendant's Special Exceptions; and that judgment subsequently enter in favor of said Defendant; and for such other and further relief to which Defendants Salinas and Garza may be justly entitled.

Respectfully submitted,

FLETCHER & SPRINGER, L.L.P.
720 Brazos, Suite 720
Austin, Texas 78701
(512) 476-5300
(Fax) 476-5771

By: _____
William W. Krueger, III
State Bar No. 11740530
Joanna R. Lippman
State Bar No. 00791122

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**


### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Original Answer, Special Exceptions, and Affirmative Defenses of Defendants Guillermo Salinas, Jr. and Hector Garza** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598


by Certified Mail Return Receipt Requested, by facsimile transmission, and/or by hand delivery, in accordance with the Texas Rules of Civil Procedure, on _____August 10_____, 2001.

_____
Joanna R. Lippman

FILED 13th DAY OF August
20 01 at 1:14 pm
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____Ruth Pena_____
Deputy

**Original Answer, Special Exceptions, and Affirmative Defenses of Defendants Guillermo Salinas, Jr. and Hector Garza**                    Page 5

egal Tabs Co   1-800-322-3022

CutePDF - www.fetxio.com

Case 1:01-cv-00143   Document 1   Filed in TXSD on 08/16/2001   Page 51 of 51

# CIVIL DOCKET

CASE NO._____

2442

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING Mo. Day Year |
|---|---|---|---|---|
| 2442 | JOE B. MCDUFFIE | | Suit on Damages | July 16 2001 |
| | vs. | | | |
| | GUILLERMO SALINAS, JR., HECTOR GARZA AND JENIFER KEESE | Joanna Lippman, Attny. 720 Brazos, Suite 1100 Austin, Texas 78701  Pltf. | Jury Req. Paidby Jury No. | |

**FEE BOOK**

| Vol. | Page |
|---|---|
| 8 | 264 |

**DATE OF ORDERS**

| Month | Day | Year |
|---|---|---|

**ORDERS OF COURT**

| Was Stenographer Used? |
|---|

**MINUTE BOOK**

| Vol. | Page | PROCESS |
|---|---|---|
| | 7-16-01 | Original Petition & Verification |
| | 7-16-01 | Issued (3) Citations |
| | 7-30-01 | Certificate of Written Discovery & Cert. of Service |
| | 7-30-01 | Request for Disclosure & Cert. of Service |
| | 7-30-01 | Defendant's Original Answer, Special Exceptions and Counterclaim & Cert. of Service |
| | 8-1-01 | (3) Citations b Personal Service Returned Served |
| | 8-3-01 | First Amended Original Petition & Verification |
| | 8-3-01 | Counter-Defendant Original Answer |
| | 8-13-01 | Original Answer Special Exceptions and Affirmative Defenses of Defendants, Guillermo Salinas. Jr. and Hector Garza |