4

United States District Court
Southern District of Texas
FILED

AUG 23 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOE B. MCDUFFIE
   Plaintiff,

vs.

GUILLERMO SALINAS, JR.,
HECTOR GARZA and
JENNIFER KEESE
   Defendants

Civil Action No. CAB-01-143

## RESPONSE TO NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

    Plaintiff, Joe B. McDuffie, files this response to Defendants Guillermo Salinas, Jr. and Hector Garza's Notice of Removal and shows this Honorable Court the following:

    Venue for this action is proper in the County Court of Willacy County, Texas because Plaintiff has not stated any causes of action in his Original Petition and his First Amended Original Petition in federal law and/or the United States Constitution. If and when Plaintiff so desires to pursue causes of action based on federal law and/or United States Constitution including Civil Rights and the Americans with Disabilties Act, he will file in the appropriate Federal Court at that time.

### Brief Statement of Facts

1. A true and correct copy of Plaintiff's Original Petition is attached as Exhibit A.

2. A true and correct copy of Plaintiff's First Amended Original Petition is attached as

Exhibit B.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Joe B. McDuffie requests that the Notice of Removal filed by Defendants to be dismissed by this Court.

Respectfully submitted,

Joe B. McDuffie, Pro Se
PLAINTIFF
303 S. Shore Dr.
Port Mansfield, Texas 78598
(956) 944-2777

## Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Response to Notice of Removal** has been provided to:

William W. Krueger, III
Fletcher & Springer, L.I.P.
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300

Jennifer Keese, *pro se*
123 Beach Street
Port Mansfield, Texas, 78598
(956) 944-2447

by United States Mail, Postage Prepaid on _August 22_, 2001.

Joe B. McDuffie, *pro se*

```
                        CAUSE NO._____
JOE B. MCDUFFIE                    IN THE COUNTY COURT
VS                                 OF
GUILLERMO SALINAS, JR              WILLACY COUNTY, TEXAS
HECTOR GARZA
JENNIFER KEESE
```

## ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie, and files this his Original Petition in the above styled and numbered cause and for his grounds would show the Court the following:

### I.

Plaintiff, Joe B. McDuffie, is an individual residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.
Defendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main Raymondville, Willacy County, Texas.
Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.
Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas.

### II.

#### Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount of damages is within the jurisdictional limits of this court.
Venue is proper in that this cause of action occured in this precinct.

### III.

#### Facts

On or about the morning of December 15, 2000, around 7:05 am Plaintiff's wife had been outside getting Plaintiff's three children off on the San Perlita school bus. The bus had left the bus stop when Plaintiff's wife came in telling Plaintiff that there was a loose dog and it was bothering Plaintiff's dog, which Plaintiff's dog was chained to a tree in Plaintiff's front yard. Plaintiff was sitting at his computer desk in the living room when Plaintiff's wife told him about the stray dog. Plaintiff's wife is handicapped and wears a knee brace, she would be no match if she was ever attacked by a dog. Plaintiff went out with the intention of getting Plaintiff's dog out of harms way and bring Plaintiff's dog inside the house. Plaintiff had previous contact with this stray dog at a boat storage unit where the stray dog growled and bared its teeth at Plaintiff. Plaintiff had to get up from the computer, go to the his bedroom in the back of the house, unlock the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and

bird shot gun shell. As Plaintiff walked out into his front yard, the stray dog was snarling, baring its teeth only inches away from Plaintiff's dog, it turned towards Plaintiff who was in a position in which he could not run back to the house. That's when Plaintiff shot the dog because he was in immediate danger and could not get away and the dog was acting like it had rabies. Plaintiff's wife was in the house at the front door and was witness to the incident (Exhibit A is an Affadavit from Katherine L. McDuffie, Plaintiff's wife and said document is hereby incorporated by reference as if fully copied herein). The San Perlita school bus was nowhere in sight, it had already turned onto an intersecting street and at the next bus stop several streets down, well out of the line of fire (Exhibit B is an Affadavit from Josie Catherine Hough, a sixteen year old Sophomore student attending San Perlita High School who gets on the San Perlita school bus at the next bus stop after Plaintiff's house and said document is hereby incorporated by reference as if fully copied herein). A person cannot even see Plaintiff's house from that bus stop (Exhibit C are true and correct copies of two satelite images from the Internet Website of Microsoft Terra Server, the images are the courtesy of the United States Geological Survey of the south side of Port Mansfield, Willacy County, Texas and a map of Port Mansfield identifying the names of the streets and demonstrating the two locations of the San Perlita school bus stops for Plaintiff's children and Witness Josie Catherine Hough and said copies is hereby incorporated by reference as if fully copied herein). Across the street from Plaintiff's house is an empty field.
   Defendant Jennifer Keese called in a complaint that morning telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog, no mention of a school bus on the initial complaint Offense Report (Exhibit D is a true and correct copy of the initial Offense Report taken by Deputy Nichols and said copy is hereby incorporated by reference as if fully copied herein). The three following sworn statements made by Defendant Jennifer Keese are inconsistent with the original complaint Offense Report (Exhibit E is a true and correct copy of the Affadavit from Defendant Jennifer Keese made 5 days after the intial Offense Report and said document is hereby incorporated by reference as if fully copied herein)(Exhibit F is a true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17,2001 for Cruelty to Animals and said document is hereby incorporated by reference as if fully copied herein) (Exhibit G is true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Deadly Conduct and said document is hereby incorporated by reference as if fully copied herein). In the Initial complaint filed December 15,2000 by Defendant Jennifer Keese (Exhibit D) she refers to the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit (Exhibit F) that the dog belongs to someone. Defendant Jennifer Keese never claimed to be the owner of the stray dog, only that she knew who the owner was. Defendant Guillermo Salinas Jr., was also aware Defendant Jennifer Keese did not claim to be the owner of the stray dog but said she only knew who owned the dog. Please refer to Plaintiff's wife's affadavit (Exhibit A)where Plaintiff's wife had called the Willacy County Navigation District Harbor Office and specifically asked the Harbor Master Susan Nelson to call all the people that were feeding th stary dog and ask them to come get their loose dog and no one claimed ownership of the stray dog and it was allowed to continue to roam freely with no collar and no tags. Plaintiff had prior knowledge of Defendant Jennifer Keese, whom Plaintiff has no social or casual association with, crusaded to get Plaintiff's wife fired from her job as a substitute teacher at San Perlita ISD and as parent volunteer by giving false statements to Plaintiff's wife's direct supervisor Principal Eberto Mireles which resulted in Plaintiff's wife's requests

from the School to substitute teach drastictly diminished as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50,1999 her gross income was $1,125.00,and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keese made false statements under oath with the intent to deceive.

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls , please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff. The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFIECIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are herby incorporated by reference as if fully copied herein). They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affadavit, Exhibit A.

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrents: Cruelty to animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plaitiff's wrists. Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Hector Garza had promised to bring Plaintiff the week before about off road dirt bikes and equipment Defendant Hector Garza had told Plaintiff was mandated by the State of Texas. Defendant Hector Garza did not allow Plaintiff to see the warrants long enough or tell Plaintiff which Justice of the Peace

signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night. Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours. Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas, the injury to Plaintiff's hands from the tight cuffs. Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house. Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as if fully copied herein.) Plantiff did nothing to provoke such conduct and attitude from Defendant. The arrests were made without probable cause.

**IV.**

**Causes of Action**

This action is brought individually and severally on all defendants. The term defendant includes all defendants, their agents, servants and employers.

Plaintiff brings his action against Defendant Guillermo Salinas, Jr. for:
1. Wrongful arrest.
2. Malicious prosecution-no probable cause.
3. Wrongful imprisonment.
4. Abuse of office-official oppression(Penal Code 39.03)
5. Negligence, gross and negligence per se.

Plaintiff brings his action against Defendant Hector Garza for:
1. Abuse of office.
2. Unreasonable force

Plaintiff brings his action against Defendant Jennifer Keese for:
1. False statement which led to Plaintiff's arrest.
2. Defamation.
3. Perjury-aggravated perjury.
4. Inconsistent Statements (Penal Code 37.06)
5. False report to get Plaintiff's wife fired from her job as substitute teacher at San Perlita ISD last year(1999-2000)

**V.**

**Damages**

Due to Defendants bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to his personal reputation and his family's, great mental and physical anguish for him and his family, time, effort and money to file an ex-parte petition for expungement, and also he has suffered pain and suffering.
Also Plaintiff sues for punitive damages.
The total amount Plaintiff is suing for is four thousand nine hundred ($4,900.00) dollars.

  Wherefore premises considered, Plaintiff prays that all three defendants be cited to appear and answer herin. That after final adjudication, that the three Defendants be ordered to pay and Plaintiff be awarded damages, plus, pre and post judgment interest, court costs and punitive damages.
  Plaintiff prays for any other relief at law or in equity Plaintiff is justly entitled to receive.

          Respectfully Submitted,

          Joe B. McDuffie


STATE OF TEXAS
COUNTY OF WILLACY

        **VERIFICATION**

I herby certify, that I, Joe B. McDuffie, I have read all the allegations stated in the Original Petition, and all statements are true and correct from my own personal knowledge.

_____
Joe B. McDuffie

  SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the the _21_ day of _July_, 2001, which witness my hand and seal.

      _Susan Nelson_
      Notary Public-State of Texas

      _Susan Nelson_
      Printed Name of Notary
      My commission expires: Mar 2, 2002

SUSAN NELSON
Notary Public
STATE OF TEXAS
My Comm Exp Mar 2 2002


FILED _16_ DAY OF _July_
20_01_ @ _11:05_ A.M.
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____
   Deputy

```
CAUSE NO. 2442

JOE B. MCDUFFIE              IN THE COUNTY COURT
VS                           OF
GUILLERMO SALINAS, JR        WILLACY COUNTY, TEXAS
HECTOR GARZA
JENNIFER KEESE
```

FILED 5d DAY OF August 20 01 @ 11:00 AM
TERRY FLORES, CLERK COUNTY COURT, WILLACY CO., TEXAS
BY _____ Deputy

### FIRST AMENDED ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie, and files this his First Amended Original Petition in the above styled and numbered cause and for his grounds would show the Court the following:

I.

Plaintiff, Joe B. McDuffie, is an individual residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.

Defendendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main Raymondville, Willacy County, Texas.

Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.

Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas.

II.

### Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount of damages is within the jurisdictional limits of this court.

Venue is proper in that this cause of action occured in this precinct.

This law suit is seeking damages for $4,900 (four thousand nine hundred dollars), Level 1 Discovery Control Plan, pursuant to Texas Rules of Civil Procedure 190.2.

III.

### Facts

1.

On or about the morning of December 15, 2000, around 7:05 am Plaintiff's wife had been outside getting Plaintiff's three children off on the San Perlita school bus. The bus had left the bus stop when Plaintiff's wife came in telling Plaintiff that there was a loose dog and it was bothering Plaintiff's dog, which Plaintiff's dog was chained to a tree in Plaintiff's front yard. Plaintiff was sitting at his computer desk in the living room when Plaintiff's wife told him about the stray dog. Plaintiff's wife is handicapped and wears a knee brace, she would be no match if she was ever attacked by a dog. Plaintiff went out with the intention of getting Plaintiff's dog out of harms way and bring Plaintiff's dog inside the house. Plaintiff had previous contact with this stray dog at a boat storage unit where the stray dog growled and bared its teeth at Plaintiff. Plaintiff had to get up from the

computer, go to the his bedroom in the back of the house, unlock the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and bird shot gun shell. As Plaintiff walked out into his front yard, the stray dog was snarling, baring its teeth only inches away from Plaintiff's dog, it turned towards Plaintiff who was in a position in which he could not run back to the house. That's when Plaintiff shot the dog because he was in immediate danger and could not get away and the dog was acting like it had rabies. Plaintiff's wife was in the house at the front door and was witness to the incident (Exhibit A is an Affadavit from Katherine L. McDuffie, Plaintiff's wife and said document is hereby incorporated by reference as if fully copied herein). The San Perlita school bus was nowhere in sight, it had already turned onto an intersecting street and at the next bus stop several streets down, well out of the line of fire (Exhibit B is an Affadavit from Josie Catherine Hough, a sixteen year old Sophomore student attending San Perlita High School who gets on the San Perlita school bus at the next bus stop after Plaintiff's house and said document is hereby incorporated by reference as if fully copied herein). A person cannot even see Plaintiff's house from that bus stop (Exhibit C are true and correct copies of two satelite images from the Internet Website of Microsoft Terra Server, the images are the courtesy of the United States Geological Survey of the south side of Port Mansfield, Willacy County, Texas and a map of Port Mansfield identifying the names of the streets and demonstrating the two locations of the San Perlita school bus stops for Plaintiff's children and Witness Josie Catherine Hough and said copies is hereby incorporated by reference as if fully copied herein). Across the street from Plaintiff's house is an empty field.

2.
Defendant Jennifer Keese called in a complaint that morning telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog, no mention of a school bus on the initial complaint Offense Report (Exhibit D is a true and correct copy of the initial Offense Report taken by Deputy Nichols and said copy is hereby incorporated by reference as if fully copied herein). The three following sworn statements made by Defendant Jennifer Keese are inconsistent with the original complaint Offense Report (Exhibit E is a true and correct copy of the Affadavit from Defendant Jennifer Keese made 5 days after the intial Offense Report and said document is hereby incorporated by reference as if fully copied herein)(Exhibit F is a true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Cruelty to Animals and said document is hereby incorporated by reference as if fully copied herein) (Exhibit G is true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Deadly Conduct and said document is hereby incorporated by reference as if fully copied herein). In the Initial complaint filed December 15, 2000 by Defendant Jennifer Keese (Exhibit D) she refers to the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit (Exhibit F) that the dog belongs to someone. Defendant Jennifer Keese never claimed to be the owner of the stray dog, only that she knew who the owner was. Defendant Guillermo Salinas Jr., was also aware Defendant Jennifer Keese did not claim to be the owner of the stray dog but said she only knew who owned the dog. Please refer to Plaintiff's wife's affadavit (Exhibit A) where Plaintiff's wife had called the Willacy County Navigation District Harbor Office and specifically asked the Harbor Master Susan Nelson to call all the people that were feeding the stray dog and ask them to come get their loose dog and no one claimed ownership of the stray dog and it was allowed to continue to roam freely with no collar and no tags. Plaintiff had prior knowledge of Defendant Jennifer Keese, whom Plaintiff has no social or casual association with, crusaded to get Plaintiff's wife fired from her job as a substitute teacher at San Perlita ISD and as parent volunteer by giving false statements to Plaintiff's wife's direct supervisor Principal Eberto Mireles which

resulted in Plaintiff's wife's requests from the School to substitute teach drastictly diminished as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50,1999 her gross income was $1,125.00,and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keese made false statements under oath with the intent to deceive.

3.

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls , please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff.  The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFIECIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

4.

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are hereby incorporated by reference as if fully copied herein).  They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affadavit, Exhibit A.

5.

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrents: Cruelty to Animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly Conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plantiff's wrists.  Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Hector Garza had promised to

bring Plaintiff the week before about off road dirt bikes and equipment Defendant Hector Garza had told Plaintiff was mandated by the State of Texas. Defendant Hector Garza did not allow Plaintiff to see the warrants long enough or tell Plaintiff which Justice of the Peace signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night. Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours. Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas, the injury to Plaintiff's hands from the tight cuffs. Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house. Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as if fully copied herein.) Plantiff did nothing to provoke such conduct and attitude from Defendant. The arrests were made without probable cause.

6.

The claims here are for all unliquidated damages within the jurisdictional limits of this court.

IV.

Causes of Action

1.

This action is brought individually and severally on all defendants. The term defendant includes all defendants, their agents, servants and employers.

2.

Plaintiff brings his action against Defendant Guillermo Salinas, Jr. for:
1. Wrongful arrest.
2. Malicious prosecution-no probable cause.
3. Wrongful imprisonment.
4. Abuse of office-official oppression(Penal Code 39.03)
5. Negligence, gross and negligence per se.

3.

Plaintiff brings his action against Defendant Hector Garza for:
1. Abuse of office.
2. Unreasonable force

4.

Plaintiff brings his action against Defendant Jennifer Keese for:
1. False statement which led to Plaintiff's arrest.
2. Defamation.
3. Perjury-aggravated perjury.
4. Inconsistent Statements (Penal Code 37.06)
5. False report to get Plaintiff's wife fired from her job as substitute teacher at San Perlita ISD last year(1999-2000)

ClibPDF - www.fastio.com

V.

Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to his personal reputation and his family's, great mental and physical anguish for him and his family, time, effort and money to file an ex-parte petition for expungement, and also he has suffered pain and suffering.
Also Plaintiff sues for punitive damages.
The total amount Plaintiff is suing for is four thousand nine hundred ($4,900.00) dollars.

Wherefore premises considered, Plaintiff prays that all three defendants be cited to appear and answer herein. That after final adjudication, that the three Defendants be ordered to pay jointly and severally and Plaintiff be awarded damages, plus, pre and post judgment interest, court costs and punitive damages.
Plaintiff prays for any other relief at law or in equity Plaintiff is justly entitled to receive.
Plaintiff demands for judgment for all the other relief to which the Plaintiff deems himself entitled to receive.

Respectfully Submitted,

Joe B. McDuffie


STATE OF TEXAS
COUNTY OF WILLACY

VERIFICATION

I herby certify, that I, Joe B. McDuffie, I have read all the allegations stated in the First Amended Original Petition, and all statements are true and correct from my own personal knowledge.

_____
Joe B. McDuffie

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the the 3 day of August , 2001, which witness my hand and seal.

_____
Notary Public-State of Texas

Lydia Carpenter
Printed Name of Notary
My commission expires: 06-07-04

[Notary Seal: LYDIA CARPENTER, Notary Public, STATE OF TEXAS, My Comm Exp 06-07-2004]

ClibPDF - www.fastio.com