13

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 3 1 2001

| | | |
|---|---|---|
| JOE B. MCDUFFIE and | § | |
| KATHERINE MCDUFFIE | § | |
| Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. B-01-143 |
| | § | |
| GUILLERMO SALINAS, JR., | § | |
| HECTOR GARZA, | § | |
| JENNIFER KEESE, | § | |
| WILLACY COUNTY SHERIFF | § | |
| DEPARTMENT, WILLACY COUNTY | § | |
| NAVIGATION DISTRICT | § | |
| Defendants | | |

### DEFENDANT WILLACY COUNTY NAVIGATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant files this Original Answer to Plaintiff's Joe B. McDuffie and Katharine McDuffie, Plaintiffs' Second Amended Original Petition.

### A. Admissions & Denials

1. Defendant admits the allegations in paragraph I.
2. Defendant denies the allegation in paragraph II.
3. Defendant denies the allegations in paragraph III.1.
4. Defendant denies the allegations in paragraph III.2.
5. Defendant denies the allegations in paragraph III.3.
6. Defendant denies the allegations in paragraph III.4.
7. Defendant denies the allegations in paragraph III.5
8. Defendant denies the allegations in paragraph III.6.
9. Defendant denies the allegations in paragraph III.7.
10. Defendant denies the allegations in paragraph IV.1.
11. Defendant denies the allegations in paragraph IV.2.

12. Defendant denies the allegations in paragraph IV.3.

13. Defendant denies the allegations in paragraph IV.4 that Katherine L. McDuffie is a qualified individual with a disability with respect to allegations of discriminations under Title II of the Americans with Disabilities Act as she is not qualified with respect to services as to Willacy County Navigation District's Ordinance Section 5, Annual Vaccination and Control of Pets paragraph (i) which states that any officer or officers of the District is authorized to take action necessary to prevent any animal from attacking any person or other domestic animal or destroying public or private property.  Such is a discretionary function of a governmental unit and as such is not the type of services contemplated by Title II of the Americans with Disabilities Act.  Furthermore, Defendant does not employ nor control any animal control officers.  Such function is performed by Willacy County and not this Defendant, and therefore Plaintiff is not a "qualified individual with a disability" with respect to this Defendant.

14. Defendant denies the allegations in paragraph IV.5 that Katherine L. McDuffie is a qualified individual with a disability with respect to allegations of discriminations under Title II of the Americans with Disabilities Act as she is not qualified with respect to services as to Willacy County Navigation District's Ordinance Section 5, Annual Vaccination and Control of Pets paragraph (i) which states that any officer or officers of the District is authorized to take action necessary to prevent any animal from attacking any person or other domestic animal or destroying public or private property.  Such is a discretionary function of a governmental unit and as such is not the type of services contemplated by Title II of the Americans with Disabilities Act.  Furthermore, Defendant does not employ nor control any animal control officers.  Such function is performed by Willacy County and not this Defendant, and therefore Plaintiff is not a "qualified individual with a disability" with respect to this Defendant.

15. Defendant District cannot admit or deny the Exhibits A-O references for the reason that Plaintiffs failed to attach them to the Second Amended Complaint served on it.  Defendant therefore denies the facts stated in the exhibits and their genuineness.

## B. Affirmative Defenses

16.     Even if Plaintiffs prove the allegations in their Complaint, Defendant is not liable to Plaintiff because Plaintiff has failed to exhaust administrative remedies.

17.     Even if Plaintiffs prove the allegations in their Complaint, Defendant is not liable to Plaintiff because Plaintiff has failed to comply with Title 28 Chapter 1 part 35 subpart (f) - Compliance Procedures Section 35.170 which states that a complaint must be filed not later than 180 days from the date of the alleged discrimination with any agency that he or she believes to be the appropriate agency. Plaintiff failed to do so.

## C. Sovereign Immunity

18.     Defendant Willacy County Navigation District, pleads sovereign immunity as a defense to the claims asserted herein.

19.     Defendant pleads sovereign immunity from private causes of action pursuant to the 11th Amendment to the United States Constitution.

20.     To the extent Plaintiff asserts claims under state law, there is no waiver of liability under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.021. Further, an liability is excluded from any waiver for:

    a.     Exemplary damages, TTCA § 101.024;

    b.     Failure to perform an act its not required to perform or the performances is left to the District's discretion, TTCA § 101.056;

    c.     Governmental functions for responding to emergency calls, failure to provide police protection, or method of police protection, TTCA § 101.055(2, 3); and

    d.     Intentional torts, TTCA § 101.057.

Any liability for damages is limited to the amounts set by TTCA § 101.023.

## D. Unconstitutionality of Punitive Damages

21.     **These legal contentions are for the court only.** The claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

    A.     On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs should therefore be

required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of American and the State of Texas.

B.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

C.  On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

22.  Any liability for exemplary damages is limited to the maximum amounts set by TEX. CIV. PRAC. & REM. CODE § 41.008.

### E. Causation and Contribution

23.  Plaintiffs' acts or omissions are the sole proximate or producing cause of the occurrence and his damages. Said acts or omissions were negligent, and bar or reduce his recovery under TEX. CIV. PRAC. & REM. CODE, Chapters 32 and 33.

Alternatively, Plaintiffs' acts are an intervening cause.

24.  If the jury should find any co-defendant at fault, this defendant is entitled to contribution or a reduction in its liability (if any) as provided by TEX. CIV. PRAC. & REM. CODE, Chapters 32 and 33, or common law. Alternatively the acts or omissions of third parties over which this Defendant has no control were the sole proximate or producing cause of the occurrence and/or Plaintiffs' damages (if any). Alternatively, said acts or omissions were an intervening cause.

## Prayer

Defendant Willacy County Navigation District prays that upon final hearing hereof that Plaintiffs not recover as prayed for in Plaintiffs' Second Amended Original Petition, and for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

By: _____
**ROGER W. HUGHES**
State Bar No. 10229500
Federal I.D. No. 5950
**JAIME BALLI**
State Bar No. 01657980
Federal Bar No. 15130
Federal I.D. No. 5450

ATTORNEYS FOR WILLACY COUNTY
NAVIGATION DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2001, a copy of the foregoing document was forwarded to all parties of record as shown below.

| | |
|---|---|
| Joe B. McDuffie, Pro Se<br>Katharine L. McDuffie<br>303 S. Shore Dr.<br>Port Mansfield, Texas 78598 | VIA CMRRR 7000 1530 0006 3370 4902 |
| Jennifer Keese, Pro Se<br>123 Beach St.<br>Port Mansfield, Texas 78598 | VIA CMRRR 7000 1530 0006 3370 4919 |

Joanna R. Lippman  VIA CMRRR 7000 1670 0013 4634 1344
Fletcher & Springer, L.L.P.
720 Brazos, Suite 1100
Austin, Texas 78701

ROGER W. HUGHES