United States District Court
Southern District of Texas

OCT 31 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE B. MCDUFFIE and | § | |
| KATHERINE MCDUFFIE | § | |
| Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. B-01-143 |
| | § | |
| GUILLERMO SALINAS, JR., | § | |
| HECTOR GARZA, | § | |
| JENNIFER KEESE, | § | |
| WILLACY COUNTY SHERIFF | § | |
| DEPARTMENT, WILLACY COUNTY | § | |
| NAVIGATION DISTRICT | § | |
| Defendants | | |

**DEFENDANT WILLACY COUNTY NAVIGATION'S MOTION TO DISMISS FOR LACK OF JURISDICTION, MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO STATE A CLAIM, AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Willacy County Navigation District files this Motion to Dismiss Plaintiffs' Suit for Failure to State a Claim upon which relief can be granted as authorized by Federal Rule of Civil Procedure 12(b)6.

A. Introduction

1. Plaintiffs are Joe B. McDuffie and Katherine McDuffie. Defendants include Guillermo Salinas, Jr., Hector Garza, Jennifer Keese, Willacy County Sheriff Department and Willacy County Navigation District. Defendant herein, Willacy County Navigation District is Movant herein.

2. Plaintiffs sued Movant apparently predicated on Title II of the American with a Disabilities Act.

3. The 11th Amendment, U.S. Const., bars jurisdiction over Defendant District because it is an arm of the state. Alternatively, Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted because:

    a. It does not allege facts showing they have claim under the ADA; and

    b. They are not persons aggrieved by any violation of the ADA because the damages and relief they seek were not caused by a violation of the ADA.

### B. Argument

4. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates beyond doubt, that Plaintiffs cannot prove any set of facts that would entitle them to relief, *Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984); *Doe v. Hillsboro I.S.D.*, 81 F.3d 1395, 1401-02 (5th Cir. 1996).

5. The court may dismiss for lack of jurisdiction over the person. FED. R. CIV. P. 12(b)(2). The ADA does not abrogate the 11th Amendment's immunity for arms of the state from federal court jurisdiction. *Board of Trustees of the Univ. of Alabama v. Garrett*, 121 S.Ct. 955, 960 968 (2001). A navigation district is created under the state constitution. TEX. CONST., art. 16, §59; *McCrea v. Harris County Houston Ship Channel Navigation Dist.*, 423 F.2d 605, 607 (5th Cir. 1970), *cert. Denied*, 400 U.S. 927 (1970). Such agencies are arms of the state entitled to *11th Amendment immunity*. *Pillsbury v. Port of Corpus Christi, Authority*, 66 F.3d 103, 104 (5th Cir. 1995); *Ysleta del Sur Pueblo v. El Paso County Water Improvement Distr. No. 1*, 222 F.3d 208, 207 (5th Cir. 2000). Therefore, this court has no jurisdiction.

The only cause for these damages are the ensuing incidents involving her husband, Plaintiff Joe McDuffie. Mr. McDuffie alleges that, because the Defendant District did not

apprehend the dog, he was forced to shoot it a few days after his wife's second request to the District. His damages arose from a false complaint by Defendant Keese to the County Sheriff that Mr. McDuffie was guilty of cruelty to animals, which allegedly caused him to be falsely arrested, which allegedly caused excessive force to be used during the arrest, which allegedly cause his property to be seized without probable cause, which allegedly caused a malicious prosecution. Plaintiffs do not allege Defendant District caused Defendant Keese to make any false complaint, caused the sheriff to arrest Mr. McDuffie, caused the deputies to use any excessive force, caused his prosecution, or did any thing that was a cause of the alleged damages.

6.   Plaintiffs allege that Plaintiff Katherine McDuffie twice complained about the loose stray dog to the Harbor Office of Willacy County Navigation District in Ports Mansfield and that there is an ordinance for the Navigation District that dogs are to be confined or restrained by a leash. Plaintiff Kathrine L. McDuffie claims to be a qualified individual with a disability and claims that her calls to the Willacy County Navigation District Harbor office requested "services" from a government entity. Plaintiff further claims that the Harbor Master and Superintendent and Director were aware that Plaintiff Kathrine McDuffie wears a knee brace for her disability. The complaint Plaintiffs make is that the Navigation District discriminated against Plaintiff, a qualified individual with a disability by relegation to lesser/no services when Plaintiff Kathrine L. McDuffie asked for assistance as defined in subtitle a of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §12132 and 28 CFR part 35. Plaintiffs claim damages as follows:

"Due to Defendant's bad faith and grossly negligent conduct, Plaintiff has suffered money damages as to time, effort and money seeking legal advise, involving long distance phone

calls, damage to their personal reputation and their families, great mental and physical aguish for them and their families, time, effort and money to file an ex parte petition for expungement, and also they have suffered pain and suffering. Also, Plaintiffs sue for punitive damages."

7.  Even if Plaintiffs were to prove that the Navigation District did not respond to her call, Plaintiffs have not set forth the essential elements necessary to state a claim upon which relief can be granted. They have failed to show that Mrs. McDuffie is a qualified individual with a disability for purposes of analysis under Title II of the ADA which defines same as "an individual with a disability who, with or without reasonable modification to rules, policies or practices, the removal of architectural, communication, or transportation barriers, or the provisions of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 29 U.S.C. §12131(2).

8.  Plaintiffs attempt to state a cause of action for discrimination based on Title II of the ADA. However, the services she claims to have been entitled to are not of the type contemplated by the legislative scheme. Specifically, the function of responding to a complaint concerning a stray animal is one that is a discretionary function as that is understood for purposes of sovereign immunity issues and analysis under the Texas Tort Claims Act. The ADA prohibits only discrimination in or exclusion from the benefits of the public entity's services or programs. 42 U.S.C. §12132. Enforcement of an ordinance that requires dogs be confined or on a leash is not (1) a service which residents receive, or (2) a program in which residents participate. Therefore even if Plaintiffs prove the facts alleged in the complaint, i.e. that Mrs. McDuffie made a call to the Willacy County Navigation District and no services were provided, Plaintiff still cannot

prove the elements necessary to state a claim for discrimination under Title II of the Americans with Disabilities Act. The Willacy County Navigation District does not employ any Animal Control officers. Further, the relief sought is not of the type allowed for a violation even if proven of the Title II of the Americans with Disabilities Act in that she has claimed relegation to lesser/no services where there is no allegation that Mrs. McDuffie's complaints about a stray dog were treated any differently than those by any other citizen in a similar situation.

9.      In addition, Plaintiffs' alleged damages have nothing to do with the alleged violation. The only alleged damages result from the torts committed by the other defendants against Plaintiff Joe McDuffie. Mr. McDuffie does not allege he is a "qualified individual with a disability" for ADA purposes. Any damages sought by Mrs. McDuffie are consequential damages from the alleged torts committed against her husband, e.g., loss of consortium, etc. The ADA remedies section, (§ 12133) only assimilates the remedies at 42 U.S.C. § 794a; section 794a(a)(1, 2) provide remedies only to persons "aggrieved" by the statutory violations. Plaintiff Katherine is not "aggrieved" because none of her alleged damages were caused by the alleged ADA violations. They were caused either by Plaintiff Joe McDuffie's decision to shoot the dog, by the decision of Defendant Keese to make a complaint, or by the alleged actions of the other defendants. The Defendant District's alleged actions are too remote in time; alternatively, the alleged decisions or actions of the other parties are the sole cause or superseding cause as a matter of law given Plaintiffs' allegations.

## C. Conclusion

Because Plaintiff did not state a claim upon which relief can be granted, the Court should dismiss the suit. Alternatively, there is no jurisdiction.

## ALTERNATIVELY, DEFENDANT MOVES FOR A MORE DEFINITE STATEMENT

1. In the alternative, Defendant, Willacy County Navigation District moves for a more Definite Statement as authorized by Federal Rule of Civil Procedure 12e.

### A. Introduction

2. Plaintiffs are Joe B. McDuffie and Katherine McDuffie. Defendants include Guillermo Salinas, Jr., Hector Garza, Jennifer Keese, Willacy County Sheriff Department and Willacy County Navigation District. Defendant herein, Willacy County Navigation District is Movant herein.

3. Plaintiffs sued Movant apparent predicated on Title II of the American with a Disabilities Act.

4. The complaint is so vague that Defendant/Movant is unable to file a responsive pleading; therefore, the Court should require Plaintiffs to amend their complaint with a more definite statement of the suit.

### B. Argument

5. A Motion for more definite statement is proper when a complaint is so vague or ambiguous that the Defendant/Movant cannot frame a responsive pleading. Federal Rule of Civil Procedure 8(a)(2), 12e; *Sisk v. Texas Parks and Wildlife Department*, 644 F.2d 1056, 1059 (5th Circuit 1981). In the complaint, Plaintiffs allege facts that are so vague and ambiguous that Defendant/Movant cannot file a responsive pleading. Specifically, Plaintiff alleged relegation to lesser/no services without more detail or specificity while claims against other individual and

entities are also made. The specific claims against this Defendant cannot be fairly ascertained. Thus, Plaintiffs' factual allegations are so vague with respect to the claim made as to Title II of the Americans with Disabilities Act and its applicability to the factual circumstances claimed. The vagueness could be eliminated by the Plaintiff making a specific statement or statements with respect to what obligation or duty this Defendant has to provide a response at all to Plaintiffs' alleged claims concerning a loose dog or how a failure, if any, by the Navigation District to respond to the call concerning a loose animal would constitute discrimination or would constitute a service of the type contemplated by the statute and how and in what way McDuffie is a qualified individual with a disability.

### C. Conclusion

6.  Because Plaintiff has not pleaded enough facts to allow Defendant to file a responsive pleading, the Court should require Plaintiffs to amend their Complaint with a more definite statement of the suit.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

By: _____
ROGER W. HUGHES
State Bar No. 10229500
Federal I.D. No. 5950

**JAIME BALLI**
State Bar No. 01657980
Federal Bar No. 15130
Federal I.D. No. 5450

ATTORNEYS FOR WILLACY COUNTY
NAVIGATION DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2001, a copy of the foregoing document was forwarded to all parties of record as shown below.

Joe B. McDuffie, Pro Se                              VIA CMRRR 7000 1530 0006 3370 4902
Katharine L. McDuffie
303 S. Shore Dr.
Port Mansfield, Texas 78598

Jennifer Keese, Pro Se                               VIA CMRRR 7000 1530 0006 3370 4919
123 Beach St.
Port Mansfield, Texas 78598

Joanna R. Lippman                                    VIA CMRRR 7000 1670 0013 4634 1344
Fletcher & Springer, L.L.P.
720 Brazos, Suite 1100
Austin, Texas 78701

_____
ROGER W. HUGHES