IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOE B. MCDUFFIE<br>Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. B-01-143 |
| | § | |
| GUILLERMO SALINAS, JR., | § | |
| HECTOR GARZA and JENNIFER | § | |
| KEESE, | § | |
| | § | |
| Defendants | § | |

---

## WILLACY COUNTY SHERIFF DEPARTMENT'S
## RULE 12(b)(6) MOTION TO DISMISS

---

### TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WILLACY COUNTY SHERIFF DEPARTMENT and files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show this Honorable Court the following:

### I.
### SUMMARY OF THE MOTION

Plaintiffs Joe and Katherine McDuffie bring this suit for alleged complaints regarding Mrs. McDuffie's complaints regarding a loose dog, Mr. McDuffie's shooting of the dog, and Mr. McDuffie's subsequent arrest arising from the same. The Willacy County Sheriff Department (hereinafter also referred to as the "Sheriff's Department") is named by Plaintiffs as a party to this litigation for alleged violation of the Americans with Disability Act of 1990. This claim should be disposed of by dismissal because Plaintiffs fail to state a viable claim against the Willacy County Sheriff Department.

### II.
### STATEMENT OF FACTS

A.      Plaintiffs complain that Mrs. McDuffie made two complaints to the Willacy County Navigation District about a stray dog in the neighborhood. *See* Section III, Paragraphs 4 and 7 of

EXHIBIT 1, a true and correct copy of Plaintiffs' Second Amended Original Petition. Mrs. McDuffie claims that she was told by the Willacy County Navigation District (hereinafter referred to as the "Navigation District") that they were unable to locate the stray dog and they had not received any other complaints about the dog. *See* Section III, Paragraph 7 of EXHIBIT 1.

B.       Plaintiffs admit that the Navigation District has jurisdiction over citizen complaints about stray dogs in their neighborhood. *See* Section III, Paragraphs 4 and 7 of EXHIBIT 1. Plaintiffs identify a Navigation District ordinance which provides that dogs are to be confined or restrained by a leash, and gives Navigation District officers the power to prevent animals from attacking people or domestic animals. *See* Section III, Paragraphs 4 and 7 and Section IV, Paragraph 6 of EXHIBIT 1.

C.       Plaintiffs claim that Mrs. McDuffie has a knee brace that she uses to walk, and that this condition renders her disabled. *See* Section III, Paragraph 7 of EXHIBIT 1.

D.       Plaintiffs claim that Mrs. McDuffie suffered discrimination by the Willacy County Sheriff Department in that she was offered "lesser/no services" as established in the Navigation District ordinance authorizing action to prevent animals from attacking. Plaintiffs alleged that this constitutes a violation of the Americans with Disabilities Act. *See* Section IV, Paragraph 6 of EXHIBIT 1.

E.       In response to Plaintiffs' Second Amended Original Petition, Defendant Willacy County Sheriff Department files this Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.
## Arguments and Authorities

A.       **Rule 12(b)(6) Dismissal Standards.**  Willacy County Sheriff Department is entitled to dismissal of Plaintiffs' claims where, even after taking Plaintiffs' factual allegations as true and resolving ambiguities in Plaintiffs' favor, Plaintiffs cannot prove any set of facts to support a claim that they are entitled to the relief requested. *See* Rule 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE; *see also, Jefferson v. Lead Industries Association, Inc.*, 106 F.3d 1245, 1250 (5th Cir.

Case 1:01-cv-00143   Document 15   Filed in TXSD on 11/02/2001   Page 3 of 16

1997).  Conclusory legal accusations that merely masquerade as factual conclusions will not preclude dismissal. *Id.*

   **B.   Improper Entity.** Plaintiffs file suit against the Willacy County Sheriff Department. The Sheriff's department is not a legal entity with the capacity to sue or be sued. As a result, dismissal of the claims against it is proper.

   **C.   Failure to State a Cause of Action.** The Sheriff's Department is further entitled to dismissal, as Plaintiffs fail to state a valid cause of action. Plaintiffs allege a violation of the Americans with Disability Act ("ADA"). This claim is based on the allegation that Mrs. McDuffie's calls to the Navigation District did not result in an unleashed stray dog being removed from the streets.

   The ADA provides that no qualified individual with a disability shall be denied the benefits of the services of a public entity or subjected to discrimination by the entity on the basis of their disability. 42 U.S.C. §12132. In order to establish a violation of the ADA, Mrs. McDuffie must establish that: *1)* she is qualified under the ADA; *2)* she was excluded from participation in or the benefits of services, programs or activities for which the Sheriff's Department is responsible; and *3)* that the denial of benefits or exclusion from participation is solely by reason of her disability. *Lightbourn v. County of El Paso*; 118 F.3d 421, 428-32(5th Cir. 1997) *cert. den.* 522 U.S. 1052 (1998).

   The Sheriff's Department disputes that Mrs. McDuffie is a disabled individual, as that term is used in the ADA. However, even if she was, Plaintiffs do not state a viable cause of action against the Sheriff's Department. The Sheriff's Department did not deprive Mrs. McDuffie of a benefit of a program for which the Sheriff's Department is responsible. *Lightbourn*, 118 F.3d at 428.

   Plaintiffs concede that Navigation District ordinances govern animal control in their jurisdiction. Plaintiffs admit that Mrs. McDuffie contacted the Navigation District to complain about the stray dog. Plaintiffs complain of the Navigation District's failure to enforce its own ordinance, and allege that such failure constituted a violation of the ADA. There is no evidence of any law or ordinance mandating action by the Sheriff's Department. As a result, there can be no ADA violation by the Sheriff's Department. In *Lightbourn*, the Secretary of State was sued for alleged ADA

violations by local election officials. *Id.* The Court held that responsibility for the violation could not be attributed to the Secretary, despite the Secretary's legal authority to assist and advise election authorities regarding their legal responsibilities. *Id.* The Sheriff's Department cannot be held liable for the Navigation District's alleged failure to enforce its own ordinances.

Furthermore, the pleadings do not show the existence of discrimination on the basis of disability. The ordinance relied on by Plaintiffs merely authorized officers to take action against stray dogs, it does not demand the same. Moreover, the inability to locate a dog Plaintiffs complained about twice does not constitute a violation of the ADA. Plaintiffs do not allege, nor is there any evidence to support an allegation, that able-bodied citizens received different or better treatment, and that Mrs. McDuffie was deprived of a right on the basis of her disability. *Doe v. Pfrommer*, 148 F.3d 73, 82 (2nd Cir. 1998)(noting that courts should interpret the ADA keeping in mind that its purpose was to eliminate discrimination and ensure evenhanded treatment between the disabled and able-bodied).

Even taking Plaintiffs' asserted facts as true, no Americans with Disabilities Act cause of action is stated against Willacy County Sheriff Department. As a result, the Sheriff's Department is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Willacy County Sheriff Department prays that this Honorable Court dismiss this action with prejudice to the refiling of same; that Defendant recover its defense costs, including reasonable attorney's fees; that all court costs be taxed against Plaintiffs; and, that Defendant have all such other and further relief, in law and/or in equity, to which it is justly entitled.

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]


William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**

## Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **First Amended Answer of Defendants Guillermo Salinas, Jr. and Hector Garza** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

by Certified Mail Return Receipt Requested on ___October 29___, 2001.

Joanna R. Lippman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JOE B. MCDUFFIE and
KATHERINE MCDUFFIE
    Plaintiffs,

VS                         Civil Action No. B-01-143

GUILLERMO SALINAS, JR
HECTOR GARZA
JENNIFER KEESE
WILLACY COUNTY SHERIFF DEPARTMENT
WILLACY COUNTY NAVIGATION DISTRICT
    Defendants


## SECOND AMENDED ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW, Joe B. McDuffie and Katherine L. McDuffie, and files this their Second Amended Original Petition in the above styled and numbered Civil Action and for their grounds would show the Court the following:

### I.

Plaintiffs, Joe B. McDuffie and Katherine L. McDuffie, are individuals residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.

Defendendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main Raymondville, Willacy County, Texas.

Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.

Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas.

Defendant, Willacy County Sheriff Department, is a local government entity that resides in Raymondville,

CRAPDF - www.verbs.com

EXHIBIT

1

Willacy County, Texas and may be served at Willacy County
Sheriff Department, 576 W. Main, Raymondville, Willacy
County, Texas.

Defendant, Willacy County Navigation District, is a
local government entity that resides in Willacy County,
Texas and may be served at 295 E. Hidalgo, Raymondville,
Texas.

## II.

## Jurisdiction and Venue

Jurisdiction is proper in this court in that the amount
of damages is within the jurisdictional limits of this
court.

Venue is proper in that this cause of action based in
Federal and/or Constitutional Law occured in this district.

This law suit is seeking damages for $50,000.00 (fifty
thousand dollars), Level 1 Discovery Control Plan, pursuant
to Texas Rules of Civil Procedure 190.2.

## III.

## Facts

## 1.

On or about the morning of December 15, 2000, around
7:05 am Plaintiff's wife had been outside getting
Plaintiff's three children off on the San Perlita school
bus.  The bus had left the bus stop when Plaintiff's wife
came in telling Plaintiff that there was a loose dog and it
was bothering Plaintiff's dog, which Plaintiff's dog was
chained to a tree in Plaintiff's front yard.  Plaintiff was
sitting at his computer desk in the living room when
Plaintiff's wife told him about the stray dog.  Plaintiff's
wife is handicapped and wears a knee brace, she would be no
match if she was ever attacked by a dog.  Plaintiff went out
with the intention of getting Plaintiff's dog out of harms
way and bring Plaintiff's dog inside the house.  Plaintiff
had previous contact with this stray dog at a boat storage
unit where the stray dog growled and bared its teeth at
Plaintiff.  Plaintiff had to get up from the computer, go to
the his bedroom in the back of the house, unlock the gun
cabinet in his bedroom and retrieve his 410 gauge shot gun
and  bird shot gun shell.  As Plaintiff walked out into his
front yard, the stray dog was snarling, baring its teeth
only inches away from Plaintiff's dog, it turned towards
Plaintiff who was in a position in which he could not run
back to the house.  That's when Plaintiff shot the dog
because he was in immediate danger and could not get away

and the dog was acting like it had rabies.  Plaintiff's wife
was in the house at the front door and was witness to the
incident (Exhibit A is an Affadavit from Katherine L.
McDuffie, Plaintiff's wife and said document is hereby
incorporated by reference as if fully copied herein).  The
San Perlita school bus was nowhere in sight, it had already
turned onto an intersecting street and at the next bus stop
several streets down, well out of the line of fire (Exhibit
B is an Affadavit from Josie Catherine Hough, a sixteen year
old Sophomore student attending San Perlita High School who
gets on the San Perlita school bus at the next bus stop
after Plaintiff's house and said document is hereby
incorporated by reference as if fully copied herein).  A
person cannot even see Plaintiff's house from that bus stop
(Exhibit C are true and correct copies of two satelite
images from the Internet Website of Microsoft Terra Server,
the images are the courtesy of the United States Geological
Survey of the south side of Port Mansfield, Willacy County,
Texas and a map of Port Mansfield identifying the names of
the streets and demonstrating the two locations of the San
Perlita school bus stops for Plaintiff's children and
Witness Josie Catherine Hough and said copies is hereby
incorporated by reference as if fully copied herein).
Across the street from Plaintiff's house is an empty field.

**2.**

Defendant Jennifer Keese called in a complaint that
morning telling Deputy Nicolls that she had seen Plaintiff
shoot a stray dog, no mention of a school bus on the initial
complaint Offense Report (Exhibit D is a true and correct
copy of the initial Offense Report taken by Deputy Nichols
and said copy is hereby incorporated by reference as if
fully copied herein).  The three following sworn statements
made by Defendant Jennifer Keese are inconsistent with the
original complaint Offense Report (Exhibit E is a true and
correct copy of the Affadavit from Defendant Jennifer Keese
made 5 days after the intial Offense Report and said
document is hereby incorporated by reference as if fully
copied herein)(Exhibit F is a true and correct copy of an
Affadavit from Defendant Jennifer Keese on January 17,2001
for Cruelty to Animals and said document is hereby
incorporated by reference as if fully copied herein)
(Exhibit G is true and correct copy of an Affadavit from
Defendant Jennifer Keese on January 17, 2001 for Deadly
Conduct and said document is hereby incorporated by
reference as if fully copied herein).  In the Initial
complaint filed December 15,2000 by Defendant Jennifer Keese
(Exhibit D) she refers to the dog as a stray dog, yet by
January 17, 2001 she signed an Affadavit (Exhibit F) that

the dog belongs to someone.  Defendant Jennifer Keese never
claimed to be the owner of the stray dog, only that she knew
who the owner was.  Defendant Guillermo Salinas Jr., was
also aware Defendant Jennifer Keese did not claim to be the
owner of the stray dog but said she only knew who owned the
dog.  Please refer to Plaintiff's wife's affadavit (Exhibit
A)where Plaintiff's wife had called the Willacy County
Navigation District Harbor Office and specifically asked the
Harbor Master Susan Nelson to call all the people that were
feeding the stray dog and ask them to come get their loose
dog and no one claimed ownership of the stray dog and it was
allowed to continue to roam freely with no collar and no
tags.  Plaintiff had prior knowledge of Defendant Jennifer
Keese, whom Plaintiff has no social or casual association
with, crusaded to get Plaintiff's wife fired from her job as
a substitute teacher at San Perlita ISD and as parent
volunteer by giving false statements to Plaintiff's wife's
direct supervisor Principal Eberto Mireles which resulted in
Plaintiff's wife's requests from the School to substitute
teach drastictly diminished as evidenced by the W-2
information from San Perlita ISD for the years of 1998
Plaintiff's wife's gross income was $1,327.50,1999 her gross
income was $1,125.00,and 2000 her gross income was $225.00
(Exhibit H is a true and correct copies of Katherine L.
McDuffie's W-2 information for the years of 1998, 1999 and
2000 and said copies is hereby incorporated by reference as
if fully copied herein).  Plaintiff has personal knowledge
that Defendant Jennifer Keese made false statements under
oath with the intent to deceive.

**3.**

   Plaintiff was never questioned by the Sheriff's
department including Deputy Nicolls , please refer to
Exhibit D, the inital Offense Report on December 15, 2000,
Defendant Guillermo Salinas, Jr. or Defendant Hector Garza
regarding this complaint. Defendant Guillermo Salinas Jr.,
preformed an incorrect and improper investigation which lead
to the wrongful arrest and wrongful imprisonment of
Plaintiff.  The Willacy County District Attorney Juan Angel
Guerra and The County Attorney Ruth Gomez on March 2, 2001,
Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff
and signed by Justice of the Peace Richard Solis, for the
following reason:  INSUFFIECIENT EVIDENCE (Exhibit I is a
true and correct copy of the Motion To Dismiss and said copy
is hereby incorporated by reference as if fully copied
herein).

**4.**

   It was easily ascertainable that the dog was a stray.

During the week before the incident, Plaintiff's wife had
called and complained twice about the loose, stray dog to
the Harbor Office of Willacy County Navigation District in
Port Mansfield, Willacy County, Texas (Exhibit J is a true
and correct copies of the two complaints Plaintiff's wife
Katherine L. McDuffie called in and recorded in the message
book by Harbor Master Susan Nelson at the Willacy County
Navigation District Harbor Office in Port Mansfield, Willacy
County, Texas and said copies are hereby incorporated by
reference as if fully copied herein).  They have been the
animal control authority in Port Mansfield, Willacy County,
Texas that deals with stray dog complaints.  Port Mansfield,
Willacy County, Texas is under a rabies quarantine (Exhibit
K is a true and correct copies of the Center for Disease
Control Internet Website that instructs adults and children
on how to deal with stray animals or sickly animals and said
copies are hereby incorporated by reference as if fully
copied herein) and there is an ordinance for Port Mansfield,
Willacy County Navigation District, Willacy County, Texas,
that dogs are to be confined or restained by a leash
(Exhibit L is a true and correct copies of the Willacy
County Navigation District Ordinances Section 5 which is
about Annual Vaccination and Control of Pets and said copies
are hereby incorporated by reference as if fully copied
herein).  Please refer to Plaintiff's wife's Affadavit,
Exhibit A.

**5.**

On the night of January 18, 2001, at about 8:45 pm,
Defendant  Hector Garza came to Plaintiff's house, 303 S.
Shore Dr., Port Mansfield, Willacy County, Texas, and
arrested Plaintiff for two warrents: Cruelty to Animals, a
misdemeanor, (Exhibit M is a true and correct copy of the
Warrant of Arrest for Cruelty to Animals and said copy are
hereby incorporated by reference as if fully copied herein)
and Deadly Conduct, a felony, (Exhibit N is a true and
correct copy of the Warrant of Arrest for Deadly Conduct and
said copy are hereby incorporated by reference as if fully
copied herein).  Defendant Hector Garza personally placed
the handcuffs extremely tight on Plaintiff before informing
Plaintiff that the papers Defendant Hector Garza had were
warrants for Plaintiff's arrest, this caused scars on
Plantiff's wrists.  Plaintiff initally had thought Defendant
Hector Garza was bringing Plaintiff the papers Defedant
Hector Garza had promised to bring Plaintiff the week before
about off road dirt bikes and equipment Defendant Hector
Garza had told Plaintiff was mandated by the State of Texas.
Defendant Hector Garza did not allow Plaintiff to see the
warrants long enough or tell Plaintiff which Justice of the

Peace signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night.  Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours.  Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas,  the injury to Plaintiff's hands from the tight cuffs.  Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house.  Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as if fully copied herein.)  Plantiff did nothing to provoke such conduct and attitude from Defendant.  The arrests were made without probable cause.

**6.**

The claims here are for all unliquidated damages within the jurisdictional limits of this court.

**7.**

Plaintiff Katherine L. McDuffie is a qualified individual with a disability and wears a special made knee brace to ambulate.  Plaintiff Katherine L. McDuffie was born with this disability, the left kneecap does not have a ridge on the back of the kneecap to prevent it from dislocating laterally.  At the age of 14, Plaintiff Katherine L. McDuffie had a tendon transfer surgery performed that was unsuccessful at correcting the dislocating kneecap. Plaintiff Katherine L. McDuffie is under the care of Dr. Keillor, an Orthopedic Surgeon in Harlingen, Texas. Plaintiff Katherine L. McDuffie called the Willacy County Navigation District Harbor Office and spoke to Harbor Master Susan Nelson on December 7, 2000 and again December 13, 2000, requesting services of a government entity, Defendant Willacy County Navigation District as defined in their Ordinances Section 5 Annual Vaccination and Control of  Pets (Exhibit L).  Plaintiff Katherine L. McDuffie was informed by the Harbor Master Susan Nelson that Plaintiff was the only person to call and complain about the stray, loose dog. Harbor Master Susan Nelson, Superintendant Frank Vasquez and Director Mike Wilson are aware that Plaintiff Katherine L. McDuffie wears a knee brace for her disability. Plaintiff

Katherine L. McDuffie asked Susan Nelson during one of the
phone calls why Defendant Hector Garza wasn't doing
something about the stray dog.  Susan Nelson told Plainitff
Katherine L. McDuffie that Defendant Hector Garza "couldn't
find the stray, loose dog".  Defendant Hector Garza and
Sheriff Larry Spence are aware that Plaintiff Katherine L.
McDuffie wears a knee brace for her disability. Defendant
Willacy County Navigation District and Defendant Willacy
County Sheriff Department discriminated against Plaintiff
Katherine L. McDuffie, a qualified individual with a
disability, by relegation to lesser/no services when
Plaintiff Katherine L. McDuffie asked for assistance as
defined in Subtitile A of Tittle II of the Americans with
Disabilities Act of 1990, Public Law 201-205. 28 CFR PART
35.  Defendant Willacy County Navigation District's
Ordinances, Regulations, and Facitlites do not address the
needs of the disabled individual (They do not accommodate
for Disabled parking and accessabilty). This discrimination
and prejudice results from sterotypic assumptions about the
disabled.  Plaintiff Katherine L. McDuffie deals with
discrimination on a daily basis because her disability is so
obvious.


## IV.

## Causes of Action

### 1.

This action is brought individually and severally on
all defendants.  The term defendant includes all defendants,
their agents, servants and employers.

### 2.

Plaintiff Joe B. McDuffie brings his action against
Defendant Guillermo Salinas, Jr. for:
1.  Wrongful arrest is a violation of Plaintiffs'
Constitutional Rights provided in the Bill of Rights
Amendment IV in the United States Constitution "The right of
the people to be secure in their persons, houses, papers,
and effects, against unreasonable searches and seizures,
shall not be violated, and no warrants shall issue, but upon
probable cause, supported by oath or affirmation,
particularly describing the place to be searced, and the
persons or things to be seized".  The warrants were made out
for the arrest of a Joe McDuffy, which is not the correct
name of Plaintiff.
2.  Malicious prosecution-no probable cause is a
violation of Plaintiffs' Constitutional Rights provided in

the Bill of Rights Amendment IV in the United States
Constitution "The right of the people to be secure in their
persons, houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated, and no
warrants shall issue, but upon probable cause, supported by
oath or affirmation, particularly describing the place to be
searced, and the persons or things to be seized".

3.  Wrongful imprisonment/false imprisonment is a
violation of Plaintiffs' Constitutional Rights provided in
the Bill of Rights Amendment IV in the United States
Constitution "The right of the people to be secure in their
persons, houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated, and no
warrants shall issue, but upon probable cause, supported by
oath or affirmation, particularly describing the place to be
searced, and the persons or things to be seized".

4.  Abuse of office-official oppression, Texas Penal
Code 39.03 (1) intentionally subjected Plaintiff to arrest
and detention that he knew was unlawful.

5.  Negligence, gross and negligence per se.  Texas
Penal Code 6.01 Requirement of Voluntary Act or Omission (a)
A person commits an offense only if he voluntarily engages
in conduct, including an act, an omission, or possession,
6.02 Requirement of Culpability (a)Except as provided in
Subsection (b), a person does not commit an offense unless
he intentionally, knowingly, recklessly, or with criminal
negligence engages in conduct as the definition of the
offense requires,  6.03 Definitions of Culpable Mental
States (a) A person acts intentionally, or with intent, with
respect to the nature of his conduct or to a result of his
conduct when it is his conscioius objective or desire to
engage in the conduct or cause the result, 6.04 Causation:
Conduct and Results (a) A person is criminally responsible
if the result would not have occurred but for his conduct,
operating either alone or concurrently with another cause,
unless the concurrent cause was clearly sufficient to
produce the result and the conduct of the actor clearly
insufficient.  Defendant Guillermo Salinas, Jr.
intentionally and knowingly commited acts of omission, which
is negligence.

3.

Plaintiff Joe B. McDuffie brings his action against
Defendant Hector Garza for:

1.  Abuse of office, Texas Penal Code 39.02 (2) misused
government property-Sheriff Department vehicle. Texas Code
of Criminal Procedure Art. 15.16 (233)(290)(268) The officer
or person executing a warrant of arrest shall without

unnecessary delay take the person or have him taken before the magistrate who issued the warrant.

   2.   Unreasonable force which violated Plaintiff Joe B. McDuffie's Constitutional Right in Amendment VIII of the United States Constitution which states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted".

**4.**

   Plaintiff Joe B. McDuffie brings his action against Defendant Jennifer Keese for:

   1.   False statement which led to Plaintiff's arrest, Texas Penal Code 37.08 False Report to Peace Officer or Law enforcement Employee (a) A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to:(1) a peace officer conducting the investigation.  This is also a violation of Plaintiff's "unalienable Rights, that among these are Life, Liberty, and the pursuit of Happiness" as described in the Declaration of Independance of the United States.

   2.   Defamation in the form of libel by which Defendant gave  false statements exposing Plaintiff to public scorn, hatred, contempt and ridicule.

   3.   Perjury-aggravated perjury, US Code 18 Section 1621 Perjury generally: Whoever-(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify trully, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true. Texas Penal Code 37.02 Perjury (a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:(1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath, 37.03 Aggravated Perjury (a) A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement:(1) is made during or in connection with an official proceeding.

   4.   Inconsistent Statements, Texas Penal Code 37.06 An information or indictment for perjury under Section 37.02 or aggravated perjury under Section 37.03 that alleges that the declarant has made statements under oath, both of which cannot be true, need not allege which statement is false.

   5.   False report to get Plaintiff's wife fired from her

job as substitute teacher at San Perlita ISD last year(1999-2000)

## 5.

Plaintiff Katherine L. McDuffie brings her action against Defendant Willacy County Navigation District for Civil Rights Violations in the American With Disabilities Act 1990.

1. Discrimination against a qualified individual with a disability by relegation to lesser/no services when Plaintiff Katherine L. McDuffie called for assistance on two occassions December 7, 2000 and December 13, 2000, the Americans with Disabilities Act 1990,Title II Subtitle A Section 201-205. Federal Register/Vol. 56, No. 144/Friday July 26, 1991/Rules and Regulations, Department of Justice 28 CFR PART 35.

## 6.

Plaintiff Katherine L. McDuffie brings her action against Defendant Willacy County Sheriff Department for Civil Rights    Violations in the American With Disabilities Act 1990:

1. Discrimination against a qualified individual with a disability by relegation to lesser/no services as defined in the Willacy County Navigation District Ordinace Section 5 Annual Vaccination and Control of Pets paragraph (i) Any officer or officers of the District is hereby authorized to take such action as is reasonably necessary to prevent any animal from attacking any person or other domestic animal or destroying public or private property, the Americans with Disabilities Act 1990,Title II Subtitle A Section 201-205. Federal Register/Vol. 56, No. 144/Friday July 26, 1991/Rules and Regulations, Department of Justice 28 CFR PART 35.

## V.

## Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiffs has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to their personal reputation and their family's, great mental and physical anguish for them and their family, time, effort and money to file an ex-parte petition for expungement, and also they have suffered

pain and suffering.
        Also Plaintiffs sues for punitive damages.
        The total amount Plaintiffs is suing for is fifty
thousand ($50,000.00) dollars.
        Defendants actions were the sole proximate cause of
Plaintiffs damages and/or injuries.

        Wherefore premises considered, Plaintiffs prays that
all five defendants be cited to appear and answer herein.
That after final adjudication, that the five Defendants be
ordered to pay jointly and severally and Plaintiffs be
awarded damages, plus, pre and post judgment interest, court
costs and punitive damages.
        Plaintiffs prays for any other relief at law or in
equity Plaintiffs are justly entitled to receive.
        Plaintiffs demands for judgment for all the other
relief to which the Plaintiffs deems themself entitled to
receive.

                              Respectfully Submitted,

                              Joe B. McDuffie and
                              Katherine L. McDuffie


STATE OF TEXAS
COUNTY OF WILLACY
                         **VERIFICATION**

I herby certify, that I, Joe B. McDuffie and Katherine L. McDuffie, have
read all the allegations stated in the Second Amended Original Petition,
and all statements are true and correct from our own personal knowledge.

Joe B. McDuffie, *pro se*
Plaintiff

Katherine L. McDuffie, *pro se*
Plaintiff

        SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the
the 28th day of Sept , 2001, which witness my hand and seal.

                              Notary Public-State of Texas

                              Printed Name of Notary
                              My commission expires: 3/18/2004

ARLETTE COLE
Notary Public
STATE OF TEXAS
My Comm. Exp. Mar 18, 2004