*17*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 7 2001

Michael N. Milby
Clerk of Court

JOE B. MCDUFFIE and
KATHERINE MCDUFFIE
    Plaintiffs,

VS                                     Civil Action No B-01-143

GUILLERMO SALINAS, JR
HECTOR GARZA
JENNIFER KEESE
WILLACY COUNTY SHERIFF DEPARTMENT
WILLACY COUNTY NAVIGATION DISTRICT
    Defendants

## THIRD AMENDED ORIGINAL PETITION

To the Honorable Judge of Said Court:

    COMES NOW, Joe B. McDuffie and Katherine L. McDuffie, and files this their Third Amended Original Petition in the above styled and numbered Civil Action and for their grounds would show the Court the following:

### I.

    Plaintiffs, Joe B. McDuffie and Katherine L. McDuffie, are individuals residing in Port Mansfield, Willacy County, Texas, at 303 S. Shore Dr., Port Mansfield, Willacy County, Texas.
    Defendendant, Guillermo Salinas, Jr., is an individual who resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriffs Department, Raymondville, Willacy County, Texas, at 576 W. Main, Raymondville, Willacy County, Texas.
    Defendant, Hector Garza, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 100 Beacon Street, Port Mansfield, Willacy County, Texas.
    Defendant, Jennifer Keese, is an individual who resides in Port Mansfield, Willacy County, Texas and may be served at Port Mansfield, Willacy County, Texas at 123 Beach Street, Port Mansfield, Willacy County, Texas
    Defendant, Willacy County Sheriff Department, is a local government entity that resides in Raymondville, Willacy County, Texas and may be served at Willacy County Sheriff Department, 576 W. Main, Raymondville, Willacy County, Texas.
    Defendant, Willacy County Navigation District, is a local government entity that resides in Willacy County, Texas and may be served at 295 E. Hidalgo, Raymondville, Willacy County, Texas.

### II.

#### Jurisdiction and Venue

    Jurisdiction is proper in this court in that the amount of damages is within the jurisdictional limits of this court.
    Venue is proper in that this cause of action based in Federal and/or Constitutional Law occured in this district.
    This law suit is seeking damages for $50,000 00 (fifty thousand dollars), Level 1 Discovery Control Plan, pursuant to Texas Rules of Civil Procedure 190.2.

## III.

## Facts

1.

On or about the morning of December 15, 2000, around 7:05 am Plaintiff's wife had been outside getting Plaintiff's three children off on the San Perlita school bus. The bus had left the bus stop when Plaintiff's wife came in telling Plaintiff that there was a loose dog and it was bothering Plaintiff's dog, which Plaintiff's dog was chained to a tree in Plaintiff's front yard. Plaintiff was sitting at his computer desk in the living room when Plaintiff's wife told him about the stray dog. Plaintiff's wife is handicapped and wears a knee brace, she would be no match if she was ever attacked by a dog. Plaintiff went out with the intention of getting Plaintiff's dog out of harms way and bring Plaintiff's dog inside the house. Plaintiff had previous contact with this stray dog at a boat storage unit where the stray dog growled and bared its teeth at Plaintiff. Plaintiff had to get up from the computer, go to the his bedroom in the back of the house, unlock the gun cabinet in his bedroom and retrieve his 410 gauge shot gun and bird shot gun shell. As Plaintiff walked out into his front yard, the stray dog was snarling, baring its teeth only inches away from Plaintiff's dog, it turned towards Plaintiff who was in a position in which he could not run back to the house. That's when Plaintiff shot the dog because he was in immediate danger and could not get away and the dog was acting like it had rabies. Plaintiff's wife was in the house at the front door and was witness to the incident (Exhibit A is an Affadavit from Katherine L. McDuffie, Plaintiff's wife and said document is hereby incorporated by reference as if fully copied herein). The San Perlita school bus was nowhere in sight, it had already turned onto an intersecting street and at the next bus stop several streets down, well out of the line of fire (Exhibit B is an Affadavit from Josie Catherine Hough, a sixteen year old Sophomore student attending San Perlita High School who gets on the San Perlita school bus at the next bus stop after Plaintiff's house and said document is hereby incorporated by reference as if fully copied herein). A person cannot even see Plaintiff's house from that bus stop (Exhibit C are true and correct copies of two satelite images from the Internet Website of Microsoft Terra Server, the images are the courtesy of the United States Geological Survey of the south side of Port Mansfield, Willacy County, Texas and a map of Port Mansfield identifying the names of the streets and demonstrating the two locations of the San Perlita school bus stops for Plaintiff's children and Witness Josie Catherine Hough and said copies is hereby incorporated by reference as if fully copied herein). Across the street from Plaintiff's house is an empty field.

2.

Defendant Jennifer Keese called in a complaint that morning telling Deputy Nicolls that she had seen Plaintiff shoot a stray dog, no mention of a school bus on the initial complaint Offense Report (Exhibit D is a true and correct copy of the initial Offense Report taken by Deputy Nichols and said copy is hereby incorporated by reference as if fully copied herein). The three following sworn statements made by Defendant Jennifer Keese are inconsistent with the original complaint Offense Report (Exhibit E is a true and correct copy of the Affadavit from Defendant Jennifer Keese made 5 days after the intial Offense Report and said document is hereby incorporated by reference as if fully copied herein)(Exhibit F is a true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Cruelty to Animals and said document is hereby incorporated by reference as if fully copied herein) (Exhibit G is true and correct copy of an Affadavit from Defendant Jennifer Keese on January 17, 2001 for Deadly Conduct and said document is hereby incorporated by reference as if fully copied herein). In the Initial complaint filed December 15, 2000 by Defendant Jennifer Keese (Exhibit D) she refers to the dog as a stray dog, yet by January 17, 2001 she signed an Affadavit (Exhibit F) that the dog belongs to someone. Defendant Jennifer Keese never claimed to be the owner of the stray dog, only that she knew who the owner was. Defendant Guillermo Salinas Jr., was also aware Defendant Jennifer Keese did not claim to be the owner of the stray dog but said she only knew who owned the dog. Please refer to Plaintiff's wife's affadavit (Exhibit A) where Plaintiff's wife had called the Willacy County Navigation District Harbor Office and specifically asked the Harbor Master Susan Nelson to call all the people that were feeding the stray dog and ask them to come get their loose dog and no one claimed ownership of the stray dog and it was allowed to continue to roam freely with no collar and no tags. Plaintiff had prior knowledge of Defendant Jennifer Keese, whom Plaintiff has no social or casual association with, crusaded to get Plaintiff's wife fired from her job as a substitute teacher at San Perlita ISD and as parent volunteer by giving false statements to Plaintiff's wife's direct supervisor Principal Eberto Mireles which resulted in Plaintiff's wife's requests from the School to substitute teach drasticlty diminished

as evidenced by the W-2 information from San Perlita ISD for the years of 1998 Plaintiff's wife's gross income was $1,327.50, 1999 her gross income was $1,125.00, and 2000 her gross income was $225.00 (Exhibit H is a true and correct copies of Katherine L. McDuffie's W-2 information for the years of 1998, 1999 and 2000 and said copies is hereby incorporated by reference as if fully copied herein). Plaintiff has personal knowledge that Defendant Jennifer Keese made false statements under oath with the intent to deceive

**3.**

Plaintiff was never questioned by the Sheriff's department including Deputy Nicolls, please refer to Exhibit D, the inital Offense Report on December 15, 2000, Defendant Guillermo Salinas, Jr. or Defendant Hector Garza regarding this complaint. Defendant Guillermo Salinas Jr., preformed an incorrect and improper investigation which lead to the wrongful arrest and wrongful imprisonment of Plaintiff. The Willacy County District Attorney Juan Angel Guerra and The County Attorney Ruth Gomez on March 2, 2001, Motion to Dismiss Cause No. 38342 & 38344 against Plaintiff and signed by Justice of the Peace Richard Solis, for the following reason: INSUFFIECIENT EVIDENCE (Exhibit I is a true and correct copy of the Motion To Dismiss and said copy is hereby incorporated by reference as if fully copied herein).

**4.**

It was easily ascertainable that the dog was a stray. During the week before the incident, Plaintiff's wife had called and complained twice about the loose, stray dog to the Harbor Office of Willacy County Navigation District in Port Mansfield, Willacy County, Texas (Exhibit J is a true and correct copies of the two complaints Plaintiff's wife Katherine L. McDuffie called in and recorded in the message book by Harbor Master Susan Nelson at the Willacy County Navigation District Harbor Office in Port Mansfield, Willacy County, Texas and said copies are hereby incorporated by reference as if fully copied herein). They have been the animal control authority in Port Mansfield, Willacy County, Texas that deals with stray dog complaints. Port Mansfield, Willacy County, Texas is under a rabies quarantine (Exhibit K is a true and correct copies of the Center for Disease Control Internet Website that instructs adults and children on how to deal with stray animals or sickly animals and said copies are hereby incorporated by reference as if fully copied herein) and there is an ordinance for Port Mansfield, Willacy County Navigation District, Willacy County, Texas, that dogs are to be confined or restained by a leash (Exhibit L is a true and correct copies of the Willacy County Navigation District Ordinances Section 5 which is about Annual Vaccination and Control of Pets and said copies are hereby incorporated by reference as if fully copied herein). Please refer to Plaintiff's wife's Affadavit, Exhibit A.

**5.**

On the night of January 18, 2001, at about 8:45 pm, Defendant Hector Garza came to Plaintiff's house, 303 S. Shore Dr., Port Mansfield, Willacy County, Texas, and arrested Plaintiff for two warrents: Cruelty to Animals, a misdemeanor, (Exhibit M is a true and correct copy of the Warrant of Arrest for Cruelty to Animals and said copy are hereby incorporated by reference as if fully copied herein) and Deadly Conduct, a felony, (Exhibit N is a true and correct copy of the Warrant of Arrest for Deadly Conduct and said copy are hereby incorporated by reference as if fully copied herein). Defendant Hector Garza personally placed the handcuffs extremely tight on Plaintiff before informing Plaintiff that the papers Defendant Hector Garza had were warrants for Plaintiff's arrest, this caused scars on Plantiff's wrists. Plaintiff initally had thought Defendant Hector Garza was bringing Plaintiff the papers Defedant Hector Garza had promised to bring Plaintiff the week before about off road dirt bikes and equipment Defendant Hector Garza had told Plaintiff was mandated by the State of Texas. Defendant Hector Garza did not allow Plaintiff to see the warrants long enough or tell Plaintiff which Justice of the Peace signed it, so as to be allowed to call and negotiate a possible release. Plaintiff was not allowed to complete his dressing appropriate for the extremely cold weather that night. Defendant Hector Garza had placed the handcuffs on too tight that it caused swelling and numbness to Plaintiff's hands and leaving deep wound marks that lasted over four hours Plaintiff showed the jailer on his arrival to the Willacy County Jail, Willacy County, Texas, the injury to Plaintiff's hands from the tight cuffs. Defendant Hector Garza did not follow department policy and expeditiously deliver Plaintiff to the facility after the arrest, instead Defendant Hector Garza drove Plaintiff down a dark, unlit dirt road, causing undue anxiety for Plaintiff, so Defendant Hector Garza could get his dinner from his house. Defendant Hector Garza did have another Willacy County Sheriff's Deputy with him that night. (Exhibit O is a true and correct copy of the demand notices and are incorporated by reference as

if fully copied herein.) Plantiff did nothing to provoke such conduct and attitude from Defendant. The arrests were made without probable cause.

**6.**

The claims here are for all unliquidated damages within the jurisdictional limits of this court.

**7.**

Plaintiff Katherine L. McDuffie is a qualified individual with a disability(Exhibit P is a true and correct copies of Plainitff Katherine L. McDuffie's medical records which are in her maiden name Mercer due to insurance reasons, and said copies is hereby incorporated by reference as if fully copied herein) and wears a special made knee brace to ambulate. Plaintiff Katherine L. McDuffie was born with this disability, the left kneecap does not have a ridge on the back of the kneecap to prevent it from dislocating laterally. At the age of 14, Plaintiff Katherine L. McDuffie had a tendon transfer surgery performed that was unsuccessful at correcting the dislocating kneecap. Plaintiff Katherine L. McDuffie is under the care of Dr. Keillor, an Orthopedic Surgeon in Harlingen, Texas. Plaintiff Katherine L. McDuffie called the Willacy County Navigation District Harbor Office and spoke to Harbor Master Susan Nelson on December 7, 2000 and again December 13, 2000, requesting services of a government entity, Defendant Willacy County Navigation District as defined in their Ordinances Section 5 Annual Vaccination and Control of Pets(Exhibit L). Plaintiff Katherine L. McDuffie was informed by the Harbor Master Susan Nelson that Plaintiff was the only person to call and complain about the stray, loose dog. Harbor Mastor Susan Nelson, Superintendant Frank Vasquez and Director Mike Wilson are aware that Plaintiff Katherine L. McDuffie wears a knee brace for her disability. Plaintiff Katherine L. McDuffie asked Susan Nelson during one of the phone calls why Defendant Hector Garza wasn't doing something about the stray dog. Susan Nelson told Plainitff Katherine L. McDuffie that Defendant Hector Garza "couldn't find the stray, loose dog" Defendant Hector Garza and Sheriff Larry Spence are aware that Plaintiff Katherine L. McDuffie wears a knee brace for her disability Defendant Willacy County Navigation District and Defendant Willacy County Sheriff Department discriminated against Plaintiff Katherine L. McDuffie, a qualified individual with a disability, by relegation to lesser/no services when Plaintiff Katherine L. McDuffie asked for assistance as defined in Subtitle A of Tittle II of the Americans with Disabilities Act of 1990, Public Law 201-205. 28 CFR PART 35. Defendant Willacy County Navigation District's Ordinances, Regulations, and Facitlites do not address the needs of the disabled individual (They do not accommodate for Disabled parking and accessability). This discrimination and prejudice results from sterotypic assumptions about the disabled. Plaintiff Katherine L. McDuffie deals with discrimination on a daily basis because her disability is so obvious.

**8.**

Defendant Guillermo Salinas, Jr and Defendant Jennifer Keese are the only two who had access to the information that was used on the two complaints that where signed by Defendant Jennifer Keese on January 17, 2001 for Cruelty to Animals and Deadly Conduct. Defendant Guillermo Salinas, Jr. and Defendant Jennifer Keese are responsible for falsifing the date of the incident on the two complaints so as to justify and influence the issuing of an instanter warrants for the arrest of Plaintiff Joe. B. McDuffie. The true date of the incident was December 15, 2000, not January 13, 2001 which was falsely put on both complaints on January 17, 2001 for Cruelty to Animals and Deadly Conduct and presented to Justice of the Peace for Precint #1 Richard Solis who then issued Instanter Warrants for the arrest of Plaintiff Joe B. McDuffie based on the false information given to him by Defendant Guillermo Salinas, Jr. and Defendant Jennifer Keese. Both Defendant Guillermo Salinas, Jr. and Defendant Jennifer Keese had knowledge of the documents falsity when they presented the two complaints to Justice of the Peace Richard Solis and that Defendant Jennifer Keese signed on January 17, 2001.

**9.**

On or about August 17, 2001, Defendant Jennifer Keese made another complaint (Exhibit Q is a true and correct copies of the August 17, 2001 Offense Report, Peace Bond Warrant, Instanter Warrant for Arrest and Conditions of On-Going Disputes signed by Plaintiffs and said copies is hereby incorporated by reference as if fully copied herein) against Plaintiff Joe B. McDuffie to Defendant Guillermo Salinas, Jr., about an incident she alleges to have happened on July 3, 2001. Defendant Guillermo Salinas, Jr., again made no attempts to call or visit Plaintiff to investigate Defendant Jennifer Keese's complaint. Plaintiff Joe B McDuffie denies making Terrorist Threats to Defendant Jennifer Keese on July 3, 2001 or any other time.

The filing of this complaint August 17, 2001 was after Plaintiff Joe B McDuffie filed his Original Petition in Willacy County Court July 16, 2001which involved both Defendant Jennifer Keese and Defendant Guillermo Salinas, Jr. The date Defendant Jennifer Keese claims the Terroristic Threat was made was on July 3, 2001 prior to Plaintiff's filing his lawsuit  The complaint filed on August 17,2001 was in retaliation to Plaintiff's filing his lawsuit and was filed to belittle and intimidate Plaintiff Joe B. McDuffie into withdrawing his lawsuit from Willacy County Court.  The fact that it was Defendant Guillermo Salinas, Jr , and Defendant Jennifer Keese directly responsible for this complaint filed August 17, 2001 now demonstrates a pattern of malicious harassment on the part of Defendant Guillermo Salinas, Jr., and Defendant Jennifer Keese.

On the August 17, 2001 complaint filed by Defendant Jennifer Keese she gives a Raymondville Texas address. Defendant Jennifer Keese continued to physically lived at 123 Beach Street, Port Mansfield, Texas from July 3, 2001 to present, putting her children on the San Perlita School Bus at her usual bus stop since school started August 13, 2001, receiving and signing for Certified Mail Receipts from Plaintiff Joe B. McDuffie, for the address 123 Beach Street, Port Mansfield, Texas, Willacy County, Texas. Defendant Jennifer Keese again intentionally falsified information given on a government document and presented it to Justice of the Peace Richard Solis with knowledge of the document's falsity.

Plaintiffs first learned of the August 17, 2001 complaint filed by Defendant Jennifer Keese when the District Attorney of Willacy County Texas, Juan Angel Guerra, called and set up an appointment for November 14, 2001 with Plaintiffs about an "On-going Dispute" with Defendant Jennifer Keese. The Willacy County District Attorney sends out memos to each Justice of the Peace to have all complaints filed by parties involved in "On-going Disputes" forwarded to the District Attorney's office. The Willacy County District Attorney Juan Angel Guera, found no merit to this complaint filed August 17,2001 by Defendant Jennifer Keese and allowed it to become a stale complaint.

## IV.

### Causes of Action

**1.**

This action is brought individually and severally on all defendants. The term defendant includes all defendants, their agents, servants and employers.

**2.**

Plaintiff Joe B. McDuffie brings his action against Defendant Guillermo Salinas, Jr. for:
1. Wrongful arrest is a violation of Plaintiffs' Constitutional Rights provided in the Bill of Rights Amendment IV in the United States Constitution "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searced, and the persons or things to be seized". The warrants were made out for the arrest of a Joe McDuffy, which is not the correct name of Plaintiff.

2. Malicious prosecution-no probable cause is a violation of Plaintiffs' Constitutional Rights provided in the Bill of Rights Amendment IV in the United States Constitution "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searced, and the persons or things to be seized".

3. Wrongful imprisonment/false imprisonment is a violation of Plaintiffs' Constitutional Rights provided in the Bill of Rights Amendment IV in the United States Constitution "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searced, and the persons or things to be seized".

4. Abuse of office-official oppression, Texas Penal Code 39.03 (1) intentionally subjected Plaintiff to arrest and detention that he knew was unlawful.

5  Negligence, gross and negligence per se.  Texas Penal Code 6.01 Requirement of Voluntary Act or Omission (a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, 6 02 Requirement of Culpability (a)Except as provided in Subsection (b), a person

does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires, 6.03 Definitions of Culpable Mental States (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscioius objective or desire to engage in the conduct or cause the result, 6.04 Causation: Conduct and Results (a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. Defendant Guillermo Salinas, Jr. intentionally and knowingly commited acts of omission, which is negligence.

    6. Tampering with Governmental Record, Texas Penal Code 37.10, (a) A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of, a governmental record, (5) makes, presents, or uses a governmental record with knowledge of its falsity.

    7. Malicious harassment by retailiation, intimidation and belittling with the express purpose of denying Plaintiff Joe B. McDuffie the "Unalienable Rights" in the Declaration of Independence of the United States "among these are Life, Liberty, and the pursuit of Happiness".

### 3.

    Plaintiff Joe B. McDuffie brings his action against Defendant Hector Garza for:

    1. Abuse of office, Texas Penal Code 39.02 (2) misused government property-Sheriff Department vehicle. Texas Code of Criminal Procedure Art. 15.16 (233)(280)(268) The officer or person executing a warrant of arrest shall without <u>unnecessary delay</u> take the person or have him taken before the magistrate who issued the warrant.

    2. Unreasonable force which violated Plaintiff Joe B. McDuffie's Constitutional Right in Amendment VIII of the United States Constitution which states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted".

### 4.

    Plaintiff Joe B. McDuffie brings his action against Defendant Jennifer Keese for:

    1. False statement which led to Plaintiff's arrest, Texas Penal Code 37.08 False Report to Peace Officer or Law enforcement Employee (a) A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to:(1) a peace officer conducting the investigation. This is also a violation of Plaintiff's "unalienable Rights, that among these are Life, Liberty, and the pursuit of Happiness" as described in the Declaration of Independence of the United States.

    2 Defamation in the form of libel by which Defendant gave false statements exposing Plaintiff to public scorn, hatred, contempt and ridicule.

    3. Perjury-aggravated perjury, US Code 18 Section 1621 Perjury generally: Whoever-(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true. Texas Penal Code 37.02 Perjury (a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:(1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath, 37.03 Aggravated Perjury (a) A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement: (1) is made during or in connection with an official proceeding.

    4. Inconsistent Statements, Texas Penal Code 37.06 An information or indictment for perjury under Section 37.02 or aggravated perjury under Section 37.03 that alleges that the declarant has made statements under oath, both of which cannot be true, need not allege which statement is false.

    5. False report to get Plaintiff's wife fired from her job as substitute teacher at San Perlita ISD last year(1999-2000)

    6 Tampering with Governmental Record, Texas Penal Code 37.10, (a) A person commits an offense if he· (1) knowingly makes a false entry in, or false alteration of, a governmental record, (5) makes, presents, or uses a governmental record with knowledge of its falsity.

    7 Malicious harassment by retailiation, intimidation and belittling with the express purpose of

denying Plaintiff Joe B. McDuffie the "Unalienable Rights" in the Declaration of Independence of the United States "among these are Life, Liberty, and the pursuit of Happiness".

### 5.

Plaintiff Katherine L. McDuffie brings her action against Defendant Willacy County Navigation District for Civil Rights Violations in the American With Disabilities Act 1990.
1. Discrimination against a qualified individual with a disability by relegation to lesser/no services when Plaintiff Katherine L. McDuffie called for assistance on two occassions December 7, 2000 and December 13, 2000, the Americans with Disabilities Act 1990,Title II Subtitle A Section 201-205. Federal Register/Vol. 56, No. 144/Friday July 26, 1991/Rules and Regulations, Department of Justice 28 CFR PART 35

### 6.

Plaintiff Katherine L. McDuffie brings her action against Defendant Willacy County Sheriff Department for Civil Rights   Violations in the American With Disabilities Act 1990:
1. Discrimination against a qualified individual with a disability by relegation to lesser/no services as defined in the Willacy County Navigation District Ordinace Section 5 Annual Vaccination and Control of Pets paragraph (i) Any officer or officers of the District is hereby authorized to take such action as is reasonably necessary to prevent any animal from attacking any person or other domestic animal or destroying public or private property, the Americans with Disabilities Act 1990,Title II Subtitle A Section 201-205. Federal Register/Vol. 56, No. 144/Friday July 26, 1991/Rules and Regulations, Department of Justice 28 CFR PART 35.

### V.

### Damages

Due to Defendants bad faith and grossly negligent conduct, Plaintiffs has suffered money damages as to time, effort and money seeking legal advice, involving long distance phone calls, damage to their personal reputation and their family's, great mental and physical anguish for them and their family, time, effort and money to file an ex-parte petition for expungement, and also they have suffered pain and suffering.
Also Plaintiffs sues for punitive damages.
The total amount Plaintiffs is suing for is fifty thousand ($50,000.00) dollars.
Defendants actions were the sole proximate cause of Plaintiffs damages and/or injuries.
Due to Defendants Willacy County Navigation District and Willacy County Sheriff Department's bad faith and discrimination by relegating Plaintiff Katherine L. McDuffie to lesser or no services, Plaintiff Katherine L. McDuffie has suffered great mental and emotional anguish, pain and suffering.

Wherefore premises considered, Plaintiffs prays that all five defendants be cited to appear and answer herein.  That after final adjudication, that the five Defendants be ordered to pay jointly and severally and Plaintiffs be awarded damages, plus, pre and post judgment interest, court costs and punitive damages.
Plaintiffs prays for any other relief at law or in equity Plaintiffs are justly entitled to receive.
Plaintiffs demands for judgment for all the other relief to which the Plaintiffs deems themself entitled to receive.

Respectfully Submitted,

Joe B  McDuffie and
Katherine L  McDuffie

STATE OF TEXAS
COUNTY OF WILLACY

## VERIFICATION

I herby certify, that I, Joe B. McDuffie and Katherine L. McDuffie, have read all the allegations stated in the Third Amended Original Petition, and all statements are true and correct from our own personal knowledge.

_____
Joe B. McDuffie, *pro se*
Plaintiff

_____
Katherine L. McDuffie, *pro se*
Plaintiff

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on the the **5th** day of **Dec**, 2001, which witness my hand and seal.

_____
Notary Public-State of Texas

Arlette Cole
Printed Name of Notary
My commission expires: 3/18/04

ARLETTE COLE
Notary Public
STATE OF TEXAS
My Comm Exp Mar. 18, 2004