IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE B. MCDUFFIE<br>　　　Plaintiff, | § § § | |
| vs. | § § § | Civil Action No. B-01-143 |
| GUILLERMO SALINAS, JR.,<br>HECTOR GARZA and JENNIFER<br>KEESE, | § § § § | |
| 　　　Defendants | § | |

United States District Court
Southern District of Texas
FILED

JAN 0 2 2002

Michael N. Milby
Clerk of Court

## SECOND AMENDED ANSWER OF DEFENDANTS GUILLERMO SALINAS, JR. AND HECTOR GARZA

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants GUILLERMO SALINAS, JR. and HECTOR GARZA, (hereinafter referred to as "Defendants Salinas and Garza"), file this Second Amended Answer to Plaintiff's Third Amended Original Petition, and would respectfully show this Honorable Court the following:

### I.

Defendants Salinas and Garza admit the allegations contained in the second and third paragraphs of Section I of Plaintiff's Second Amended Petition. Defendants Salinas and Garza deny the fifth paragraph of that section. Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the matters contained in the first, fourth, and sixth paragraphs of Section I.

### II.

Defendants Salinas and Garza admit that jurisdiction and venue are proper in this Court, but deny that jurisdiction is based on the damages sought, as alleged in the first paragraph of Section II. Defendants Salinas and Garza admit that Plaintiffs seek $50,000, but deny that the Texas Rules of Civil Procedure and its discovery control plans will control this case.

## III.

A.   The affidavits and attachments referred to throughout Plaintiffs' Third Amended Original Petition were not attached to the Petition forwarded to Defendants' counsel, with the exception of Exhibit Q. As a result, Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the matters asserted by Plaintiffs regarding the contents of the alleged attachments.

B.   Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the matters contained in Section III, Paragraph 1.

C.   Defendants Salinas and Garza admit the first and fourth sentences of Paragraph 2. Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the remainder of the matters contained in Section III, Paragraph 2.

D.   Defendants Salinas and Garza admit they did not question Plaintiff Joe McDuffie about this matter, prior to his arrest, and that the charges against him were later dismissed. Defendants Salinas and Garza deny the remainder of Section III, Paragraph 3.

E.   Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the matters contained in Section III, Paragraph 4.

F.   Defendants Salinas and Garza admit the first sentence of Paragraph 5. Defendants Salinas and Garza admit that Plaintiff was handcuffed and told that he was under arrest. Defendants Salinas and Garza admit that Defendant Garza made a brief stop on his way to the jail, and that no other deputy was with him during his brief trip into his home. Defendants Salinas and Garza deny the remainder Section III, Paragraph 5.

G.   Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the matters contained in Section III, Paragraph 6.

H.   Defendants Salinas and Garza deny that Plaintiff Katherine McDuffie is a qualified individual with a disability, as that term is defined in the American with Disabilities Act, or that any Defendants discriminated against her because of her alleged disability. Defendants admit that Defendant Garza was aware that Plaintiff Katherine McDuffie wears a knee brace. Defendants

Salinas and Garza lack sufficient knowledge or information to form a belief as to the truth of the remainder of the matters contained in Section III, Paragraph 7.

  I. Defendants Salinas and Garza admit that the date of the dog shooting was December 15, that Jennifer Keese signed the complaints on January 17, 2001 for Cruelty to Animals and Deadly Conduct, that Defendant Salinas submitted the complaints to the Honorable Richard Solis of Precint One, and that the Court signed Instanter Warrants for Plaintiff Joe McDuffie's arrest. Defendants Salinas and Garza deny the remainder of the allegations contained in Section III, Paragraph 8.

  J. Defendants Salinas and Garza admit that Jennifer Keese made another complaint regarding Joe McDuffie on August 17, 2001, and the Defendant Salinas took the complaint. Defendants further admit that the complaint was made after the filing of Plaintiff's Original Petition. Defendants Salinas and Garza deny the remainder of the allegations contained the second paragraph of Section III, Paragraph 9. Defendants Salinas and Garza lack sufficient knowledge or information to form a belief as to the remainder of the matters contained in Section III, Paragraph 9.

## IV.

Defendants Salinas and Garza deny all of the allegations contained in Section IV of Plaintiff's Second Amended Original Petition.

## V.

Defendants Salinas and Garza deny all of the allegations contained in Section V of Plaintiff's Second Amended Original Petition.

## VI.
### Affirmative Defenses

  A. Answering further, should it be necessary, Defendants Salinas and Garza alleges that Plaintiff has failed to comply with the notice requirements of §101.101 of the Texas Tort Claims Act. Said failure violates the Texas Tort Claims Act and prohibits Plaintiff's prosecution of these proceedings.

B. Defendants Salinas and Garza affirmatively pleads the exemptions from liability contained in §§ 101.021, 101.026, 101.055, 101.056, 101.057 and 101.062 of the Texas Civil Practice and Remedies Code.

C. Answering further, should it be necessary, Defendants Salinas and Garza alleges that they are entitled to sovereign immunity from any and all claims asserted against Defendants Salinas and Garza in their official capacities.

D. Defendants Salinas and Garza would show that liability, if any, is limited to the amount recited in §§ 101.023 and 101.024 of the Texas Civil Practice and Remedies Code.

E. Defendants Salinas and Garza pleads that, pursuant to TEX. CIV. PRAC. & REM. CODE, § 101.024, they are immune from liability for exemplary damages.

F. Further, by way of affirmative defense, Defendants Salinas and Garza would show that the damages complained of by the Plaintiff were brought about wholly by new and independent causes not reasonably foreseeable by these Defendants, and therefore, such new and independent cause became the immediate and efficient cause or causes of damages to the extent that any and all negligent acts and/or omissions complained of by the Plaintiff as against Defendants Salinas and Garza were wholly remote and not the cause of any injuries complained of by Plaintiff.

G. Answering further, should it be necessary, Defendants Salinas and Garza alleges that they are entitled to official and/or qualified immunity from any and all claims asserted against Defendants Salinas and Garza in their individual capacities.

H. Answering further, should it be necessary, Defendants Salinas and Garza alleges that at the time of the occurrence in question, Plaintiffs failed to exercise ordinary care for his person. Said failure was negligence and the sole, producing and/or legal cause of said Plaintiffs damages, if any.

I. Defendants Salinas and Garza continue to deny that it they were in any way negligent or responsible for the occurrence in question and/or for Plaintiffs damages, if any; however, in the unlikely event that Plaintiffs should recover judgment against Defendants Salinas and Garza,

Defendants Salinas and Garza contends that they are entitled to a determination of percentage of responsibility authorized by TEXAS CIVIL PRACTICE AND REMEDIES CODE § 33.003.

WHEREFORE, PREMISES CONSIDERED, Defendants Guillermo Salinas, Jr. and Hector Garza pray be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of said Defendants; and for such other and further relief to which Defendants Salinas and Garza may be justly entitled.

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

_____
William W. Krueger, III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza**

## Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Second Amended Answer of Defendants Guillermo Salinas, Jr. and Hector Garza** has been provided to:

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

Jaime Balli
**Adams & Graham, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551

by Certified Mail Return Receipt Requested on ___December 28___, 2001.

_____
Joanna R. Lippman