IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE B. MCDUFFIE and<br>KATHERINE MCDUFFIE<br>    Plaintiff,<br><br>vs.<br><br>GUILLERMO SALINAS, JR.,<br>HECTOR GARZA, JENNIFER KEESE,<br>WILLACY COUNTY SHERIFF<br>DEPARTMENT, and WILLACY<br>NAVIGATION DISTRICT<br>    Defendants | § § § § § § § § § § § § § § | Civil Action No. B-01-143 |

United States District Court
Southern District of Texas
FILED

JAN 0 7 2002

Michael N. Milby
Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, Plaintiffs JOE and KATHERINE MCDUFFIE and Defendants, GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE, WILLACY COUNTY SHERIFF DEPARTMENT, and WILLACY NAVIGATION DISTRICT, in the above styled and numbered cause, and in compliance with the Order of this Court, submits the following Joint Discovery/Case Management Plan:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Meeting took place via party conference on December 17, 2001. Plaintiffs, appearing *pro se*, Jennifer Keese, appearing *pro se*, counsel Joanna R. Lippman, appearing for Defendants Salinas, Garza, and the Willacy County Sheriff's Department, and counsel Jaime Balli, appearing for Defendant Willacy County Navigation District, participated in the conference.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Specify the allegation of federal jurisdiction.

Allegation of constitutional violations including unreasonable search and seizure excessive force, and claims arising from the Americans with Disabilities Act.

4. Name the parties who disagree and the reasons.

All parties agree that federal jurisdiction is appropriate.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None known at this time.

6. List anticipated interventions.

None anticipated at this time.

7. Describe class-action issues.

Not applicable.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed that Rule 26(a) initial disclosures will be exchanged on or before January 14, 2002.

9. Describe the proposed agreed discovery plan, including:

   a. Responses to all the matters raised in Rule 26(f).

      a. Initial disclosures will be due January 14, 2002.
      b. Discovery anticipated regarding incidents in question. Discovery to be completed by July 1, 2002.
      c. See Section (2).
      d. See attached proposed scheduling order.

   b. When and to whom the plaintiff anticipates it may send interrogatories.

Interrogatories to Defendants Willacy County Sheriff's Department, Willacy County Navigation District, Keese, Salinas and Garza already submitted.

c. When and to whom the defendant anticipates it may send interrogatories.

Defendant Salinas Interrogatories to Plaintiff Joe McDuffie already submitted. Each of the named Defendants will submit Interrogatories to each other and each of the named Plaintiffs on or before May 31, 2002.

d. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipates taking the depositions of Deputy Nichols and Ruth Gomez, on or before May 31, 2002.

e. Of whom and by when the defendant anticipates taking oral depositions.

Depositions of Plaintiffs and Defendant Keese already accomplished.
Additional depositions reasonably anticipated by Defendants Willacy County Sheriff's Department, Willacy County Navigation District, Salinas and Garza:
    Donna Ficklen
    Tricia Buchen
    Carrie Weide
    Dennis Creegan
    Barbara Creegan
    Josie Catherine Hough
    A.M. Pickard
    Frank Vasquez
    Susan Nelson
    Bernice Jones
    Jack Carpenter

These anticipated depositions will be accomplished on or before May 31, 2002.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts and produce reports by April 5, 2002.
Defendants will designate experts and produce reports by May 3, 2002

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (expert report).

None anticipated.

    h.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

          Defendants anticipates taking the expert depositions of all experts designated by Plaintiffs or other Defendants, on or before July 1, 2002.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Interrogatories and Request for Production submitted by Plaintiffs to Defendants Willacy County Navigation District, Willacy County Sheriff's Department, Keese, Salinas and Garza.
    Texas Rules of Civil Procedure Rule 194 Requests from Plaintiffs to each Defendant.
    Interrogatories and Request for Production submitted by Defendant Salinas to Plaintiff Joe McDuffie.
    Deposition of Joe McDuffie completed.

12. State the date the planned discovery can reasonably be completed.

    July 1, 2002

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiffs are amenable to negotiations at this time.

    Defendants agree that prompt settlement or resolution of the case is not likely given the legal questions involved and opposing views of the parties regarding the facts.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    See Response to Request 13.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiffs are amenable to negotiations at this time.

    Defendants agree that mediation may be appropriate once the legal issues are addressed, and the factual matters have been fully investigated. However, the nature of the case makes such resolution unlikely.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties agree to trial by magistrate.

17. State whether a jury demand has been made and if it was made on time.

    No timely jury demand has been made.

18. Specify the number of hours it will take to present the evidence of this case.

    At this time, the parties anticipate that it will take at least 25 hours to present evidence, given the number of parties and witnesses involved.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are two pending motions that could be ruled on at the scheduling conference:

    a. Defendant Willacy County Navigation District Motion to Dismiss for Lack of Jurisdiction, Motion to Dismiss For Plaintiffs' Failure to State a Claim, and, in the alternative, Motion for a More Definite Statement; and

    b. Willacy County Sheriff Department's Rule 12(b)(6) Motion to Dismiss.

20. List other motions pending.

    None.

21. Indicated other matters peculiar to this case, including discovery, that deserve the special attention of the court at a conference.

    None at this time.

22. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    Plaintiff Joe McDuffie filed his notice on or about September 4, 2001.
    Defendants Garza and Salinas filed their original notice on or about August 14, 2001.
    Defendants Garza and Salinas, joined by Willacy County Sheriff's Department, filed an amended notice on or about December 10, 2001.
    Defendant Willacy County Navigation District filed their original notice on or about December 12, 2001.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Plaintiffs, Joe B. McDuffie and Katherine McDuffie, *pro se*
    303 South Shore Drive
    Port Mansfield, Texas 78598
    956/944-2777

    Defendant/Counter-Plaintiff, Jennifer Keese, *pro se*
    123 Beach St.
    Port Mansfield, Texas 78598
    956/944-2447

    Counsel for Defendants Guillermo Salinas, Hector Garza, and Willacy County Sheriff's Department:
        William W. Krueger III
        State Bar No. 11740530
        Southern District No. 12827
        Joanna R. Lippman
        State Bar No. 00791122
        Southern District No. 29464
        **Fletcher & Springer, L.L.P.**
        720 Brazos Street, Suite 1100
        Austin, Texas 78701
        (512) 476-5300

    Counsel for Defendant Willacy County Navigation District:
        Roger W. Hughes
        State Bar No. 10229500
        Southern District No. 5950
        Jaime Balli
        State Bar No. 01657980
        Southern District No. 15130
        **Adams & Graham, L.L.P.**
        P.O. Drawer 1429
        Harlingen, Texas 78551
        956/428-7495

Approved by:

_____
Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598
956/944-2777


_____
Katherine McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598
956/944-2777


_____
Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598
956/944-2447

Joint Discovery/Case Management Plan                          Page 7

Approved by:

---

Joe B. McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598
956/944-2777

---

Katherine McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598
956/944-2777

---

*/s/ Jennifer Keese/*
Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598
956/944-2447

FLETCHER & SPRINGER, L. L. P.

*Joanna Lippman*

William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

Attorneys for Defendants Hector Garza, Guillermo Salinas, Jr., and Willacy County Sheriff's Department


ADAMS & GRAHAM, L.L.P.


Roger W. Hughes
State Bar No. 10229500
Southern District No. 5950
Jaime Balli
State Bar No. 01657980
Southern District No. 15130
P.O. Drawer 1429
Harlingen, Texas 78551
956/428-7495

Attorneys for Defendant Willacy County Navigation District

FLETCHER & SPRINGER, L. L. P.

---

William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

Attorneys for Defendants Hector Garza, Guillermo Salinas, Jr., and Willacy County Sheriff's Department


ADAMS & GRAHAM, L.L.P.

---

Roger W. Hughes
State Bar No. 10229500
Southern District No. 5950
Jaime Balli
State Bar No. 01657980
Southern District No. 15130
P.O. Drawer 1429
Harlingen, Texas 78551
956/428-7495

Attorneys for Defendant Willacy County Navigation District