United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOE B. MCDUFFIE and
KATHERINE MCDUFFIE
    Plaintiffs,

VS                                         Civil Action No. B-01-143

GUILLERMO SALINAS, JR
HECTOR GARZA
JENNIFER KEESE
WILLACY COUNTY SHERIFF DEPARTMENT
WILLACY COUNTY NAVIGATION DISTRICT
    Defendants

### PLAINTIFF JOE B. MCDUFFIE'S MOTION TO COMPEL DEFENDANT JENNIFER KEESE TO RESPOND ADEQUATELY TO INTERROGATORIES AND REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Joe B. McDuffie, asks the court to compel Defendant, Jennifer Keese, to respond adequately to Plaintiff Joe B. McDuffie's discovery requests.

#### A. Introduction

1. Plaintiff Joe B. McDuffie sued Defendant Jennifer Keese for giving false statement to a peace officer which led to wrongful arrest of Plaintiff Joe B. McDuffie, perjury-aggravated perjury, inconsistant statements, tampering with governmental record, defamation, false report, and malicious harassment

2. On November 28, 2001, with certified mail return receipt signed on December 4, 2001, Plaintiff Joe B. McDuffie served <u>Plaintiff Joe B. McDuffie's First Set of Interrogatories to Defendant Jennifer Keese</u> and <u>Plaintiff Joe B. McDuffie's First Request For Production to Defendant Jennifer Keese</u> in accordance with Federal Rules of Civil Procedure rule 26, 33, and 34. Defendant Jennifer Keese did not respond adequately to the discovery request as required by Federal rules of Civil Procedure rules 26, 33, and 34. Therefore, the court should compel Defendant Jennifer Keese to comply according to Federal Rules of Civil Procedure rule 37.

#### B. Argument and Authorities

3. The purpose of discovery is to obtain information relevant to the subject matter of the case and to determine the credibility of a witness/defendant.

4. Defendant Jennifer Keese's responses were received by certified mail on December 27, 2001.

5. The responses filed by Defendant Jennifer Keese are inadequate. Below is a list of the questions, Defendant Jennifer Keese's responses and a statement showing the inadequacy of the responses:

a. Interrogatory No.2: State the date, place and cause for any complaints or arrests or grand jury investigation ever suffered by Defendant, and the final disposition of any charges or potential charges.

Answer: None

Yet in her deposition on January 15, 2002, she stated that she had been arrested once in 1989 but could not remember what the charges were. She was living in Connecticut, but it was a Massachusetts Court that the charges were filed. The county she remembers being in when this happened in Massachusetts was Franklin County.

b. Request for Production No. 15: A true and correct copy of each and any letter, statement, notice, file, record, journal, brochure, manual, journal, and other writings and/or publication whatsoever, including but not limited to computer-generated information or compliations of computer-generated information, which does or may substantiate your answers to Plaintiff's Interrogatories No. 2, 6, and 9.

Response: Defendant objects to this discovery request insofar as it is vague, indefinite, and/or ambiguous, leaving Defendant unable to ascertain with reasonable certainty what is being sought thereby. Defendant further objects to this discovery request insofar as it encompasses and calls for the disclosure of information of documents protected from discovery under Federal Rules of Civil Procedure 26, and by the attorney-client privilege, attorney work product privilege, and/or communication privileged by way of investigation and defense of the claim.

Defendant Jennifer Keese, who is *PRO SE* in this lawsuit, did not produce a true and correct copy of the arrest record or file from 1989 or the final disposition of the charges. Instead she had made a false statement in her answer to Plaintiff Joe B. McDuffie's First Set of Interrogatories to Defendant Jennifer Keese interrogatory No. 2 by answering "none" and then objected to the Request for Production No. 15.

The credibility of Defendant Jennifer Keese is paramount in this lawsuit because she was the only witness that Defendant Guillermo Salinas, Jr. took a statement from on December 20, 2000 that led to the arrest of Plaintiff Joe B. McDuffie on January 18, 2001, as stated in Defendant Guillermo Salinas, Jr.'s answer to Plaintiff Joe B. McDuffie's First Set of Interrogatories to Defendant Guillermo Salinas, Jr,:

Interrogatory No. 6: Please state with particularity each and every fact upon which you base any claim that at the time and on the occasion in question, you allege to have performed a correct and proper investigation and in connection with such claims, include in your answer:

(a) identify all witnesses you spoke to prior to the arrest of Plaintiff,

(b) identify any and all supporting evidence of such claims,

Answer: I spoke to Jennifer Keese, who executed a sworn complaint regarding Mr. Duffie's conduct. I presented the complaint to the Court, and the Court issued a warrant.

Defendant Guillermo Salinas, Jr. and Defendant Hector Garza admitted that they did not question Plaintiff Joe B. McDuffie about this matter prior to his arrest in paragraph III, section D of their **Second Amended Answer of Defendants Guillermo Salinas, Jr. and Hector Garza** made to the Honorable Judge of said Court in the United States District Court for the Southern District of Texas Brownsville Division.

### C. Conclusion

6. Because Plaintiff Joe B. McDuffie's requests are within the permissible scope of Federal Rules of Civil Procedure rules 26, 33, and 34, because Defendant Jennifer Keese refused to comply with the rules and file adequate responses, the court should compel Defendant Jennifer Keese to respond adequately by producing the documents of her admitted arrest and the final disposition of these charges.

### D. Prayer

7. For these reasons, Plaintiff Joe B. McDuffie asks the court to grant this motion to compel Defendant Jennifer Keese to file adequate responses to Plaintiff Joe B. McDuffie's discovery requests.

Respectfully submitted,

JOE B. MCDUFFIE, *Pro Se*
Plaintiff
303 S. Shore Dr.
P.O. Box 256
Port Mansfield, Texas 78598
956-944-2777

### CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of March, 2002, a copy of the foregoing document was forwarded to all parties of record as shown below:

Jennifer Keese, *Pro Se*
123 Beach St.
Port Mansfield, Texas 78598

Joanna R. Lippman
FLETCHER & SPRINGER, L.L.P.
720 Brazos Street, Suite 1100
Austin, Texas 78701

Jaime Balli
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551

JOE B. MCDUFFIE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOE B. MCDUFFIE and
KATHERINE MCDUFFIE
    Plaintiffs,

VS                                                    Civil Action No. B-01-143

GUILLERMO SALINAS, JR
HECTOR GARZA
JENNIFER KEESE
WILLACY COUNTY SHERIFF DEPARTMENT
WILLACY COUNTY NAVIGATION DISTRICT
    Defendants

### ORDER GRANTING PLAINTIFF JOE B. MCDUFFIE'S MOTION TO COMPEL DEFENDANT JENNIFER KEESE TO RESPOND ADEQUATELY TO INTERROGATORIES AND REQUEST FOR PRODUCTION

BE IT REMEMBERED that on the ____ of _____, 2002, came to be considered Plaintiff Joe B. McDuffie's Motion to Compel Defendant Jennifer Keese to Respond Adequately to Interrogatories and Request for Production and the Court is of the opinion that the Motion to Compel are good and shoud be GRANTED.

GRANTS the motion, orders Defendant Jennifer Keese to respond to Plaintiff Joe B. McDuffie's requests.

SIGNED the ____ day of _____, 2002.

_____
PRESIDING JUDGE