IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOE B. MCDUFFIE and<br>KATHERINE MCDUFFIE<br>    Plaintiffs, | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. B-01-143 |
| GUILLERMO SALINAS, JR.,<br>HECTOR GARZA, JENNIFER<br>KEESE, WILLACY COUNTY<br>SHERIFF'S DEPARTMENT, and<br>WILLACY COUNTY NAVIGATION<br>DISTRICT<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

### SUPPLEMENT TO THE
### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
### GUILLERMO SALINAS, JR. AND HECTOR GARZA

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants GUILLERMO SALINAS, JR. and HECTOR GARZA, (hereinafter referred to as "Deputies Salinas and Garza"), file this Supplement to their Motion for Summary Judgment and would respectfully show this Honorable Court the following:

### I.
### SUPPLEMENT TO DEFENDANTS' MOTION

Plaintiff Joe McDuffie files this suit against Willacy County Sheriff's Deputies Salinas and Garza complaining about the Deputies' participation in the issuing and execution of an arrest warrant for Plaintiff Joe McDuffie. Plaintiff's claims should be disposed of by summary judgment because Plaintiff fails to state a cause of action, and Deputies Garza and Salinas are immune from these claims as a matter of law.

On or about March 25, 2002, the Deputies filed a comprehensive Motion for Summary Judgment. For the ease and convenience of the Court, Defendants hereby file a Table of Contents and Table of Authorities as a supplement to their previously filed Motion.

WHEREFORE, PREMISES CONSIDERED, Defendants Guillermo Salinas, Jr. and Hector Garza pray that the Court enter Judgement in their favor, dismissing all of Plaintiff's claims against them both; and for such other and further relief to which Defendants Salinas and Garza may be justly entitled.

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

_____
William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza
Willacy County Sheriff's Department**

### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached **Supplement to Motion for Summary Judgment** has been provided to:

Joe and Katherine McDuffie, *pro se*
303 South Shore Drive
Port Mansfield, Texas 78598

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

Jaime Balli
**Adams & Graham, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551

by Certified Mail Return Receipt Requested on _____April 4_____, 2002.

_____
Joanna R. Lippman

# TABLE OF CONTENTS

                                                                  **Page**

I. Summary of Motion .................................... 1

II. Statement of Facts .................................... 2

III. Summary Judgment Evidence .......................... 4

IV. Summary Judgment Standard ........................... 4

V. Dismissal of Claims Against Deputy Salinas ................ 4

    A. Dismissal of Wrongful Arrest Claims Based on Spelling on the Warrant ......................................... 4

    B. Dismissal of Wrongful Imprisonment/False Arrest Claims .. 5

    C. Dismissal of Malicious Prosecution Claims .............. 6

    D. Dismissal of Plaintiff's Claims for Violation of the Texas Penal Code ........................................... 8

    E. Dismissal of Plaintiff's Negligence/Gross Negligence Claims . 8

    F. Dismissal of Malicious Harassment Claims .............. 9

V. (*sic*) Dismissal of the Claims Against Deputy Garza ............ 9

    A. Dismissal of Plaintiff's Unreasonable Force Claims ........ 9

    B. Dismissal of Plaintiff's Claims for Violation of the Texas Penal Code ........................................... 10

VI. Deputies Salinas and Garza are Entitled to Immunity .......... 11

## INDEX OF AUTHORITIES

*Aguilar v. Chastain*,
   923 S.W.2d 740 (Tex.App.–Tyler 1996, WD) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*A.H. Belo Corp. v. Corcoran*,
   52 S.W.3d 375 (Tex.App.–Houston[1st Dist] 2001, nwh); . . . . . . . . . . . . . . . . . . . . 8, 10

*Anderson v. Creighton*,
   483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Beck v. Ohio*,
   379 U.S. 89 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Beck v. Somerset Technologies, Inc.*,
   882 F.2d 993 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell v. Wolfish*,
   441 U.S. 520 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bennett v. City of Grand Prairie*,
   883 F.2d 400 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*City of Hempstead v. Kmiec*,
   902 S.W.2d 118 (Tex.App.–Houston[1st Dist.] 1995, nwh) . . . . . . . . . . . . . . . . . . . . 7, 8

*EEOC v. Southern Publishing Co.*,
   894 F.2d 785 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Glenn v. City of Tyler*,
   242 F.3d 307 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Graham v. Connor*,
   400 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hudson v. McMillian*,
   503 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ikard v. Blair*,
   101 F.3d 430 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ingraham v. Wright*,
   430 U.S. 651 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jenkins v. State of Texas*,
   912 S.W.2d 793 (Tex.Crim.App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Estelle*,
   704 F.2d 232 (5th Cir. 1983) *cert. den.* 465 U.S. 1009 (1984); . . . . . . . . . . . . . . . . . . 5

*Kerr v. Lyford*,
   171 F.3d 330 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mitchell v. Forsyth,*
    472 U.S. 511(1985) ................................................... 11

*Morris v. Dillard Department Stores, Inc.,*
    2001 U.S.App. LEXIS 27184 (5th Circuit, December 26, 2001) ............. 7

*Pete v. Metcalfe,*
    8 F.3d 214 (5th Cir. 1993) ............................................. 5

*Rodriguez v. State of Texas,*
    363 S.W.2d 472 (Tex.Crim.App. 1962) .................................... 5

*Sanders v. English,*
    950 F.2d 1152 (5th Cir. 1992) .......................................... 7

*Saucier v. Katz,*
    121 S. Ct. 2151 (2001) ................................................ 11

*Schultea v. Woods,*
    27 F.3d 1112 (5th Cir. 1994) .......................................... 12

*Smith v. State of Texas,*
    763 S.W.2d 836 (Tex.App.–Dallas 1988, writ denied) ..................... 5

*Sorenson v. Ferrie,*
    134 F.3d 325 (5th Cir. 1998) ........................................... 5

*Spann v. Rainey,*
    987 F.2d 1110 (5th Cir. 1993) ......................................... 10

*State of Louisiana v. Public Investors, Inc.,*
    35 F.3d 216 (5th Cir. 1994) ........................................... 12

*Streetman v. Jordan,*
    918 F.2d 555 (5th Cir. 1990) .......................................... 11

*Texas v. Brown,*
    460 U.S. 730 (1983) .................................................... 7

Rule 56(c), FEDERAL RULES OF CIVIL PROCEDURE; ............................... 4

Section 37.10, of the TEXAS PENAL CODE ...................................... 8

Section 39.02, TEXAS PENAL CODE ............................................ 10

Section 39.03, of the TEXAS PENAL CODE ..................................... 8

Section 14.06 of the TEXAS CODE OF CRIMINAL PROCEDURE ..................... 10