*38*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 21 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk *Z. Mardis*

| | | |
|---|---|---|
| JOE B. MCDUFFIE AND | § | |
| KATHERINE MCDUFFIE, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| GUILLERMO SALINAS, JR., | § | CIVIL ACTION NO. B-01-143 |
| HECTOR GARZA, JENNIFER KEESE, | § | |
| WILLACY COUNTY SHERIFF'S DEPT., | § | |
| AND WILLACY COUNTY | § | |
| NAVIGATION DISTRICT, | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Willacy County Navigation District's Motion to Dismiss for Lack of

Jurisdiction (Doc. # 14), Willacy County Sheriff's Department's Motion to Dismiss (Doc. # 15),

and Guillermo Salinas, Jr., and Hector Garza's Motion for Summary Judgment (Doc. # 30). For

the following reasons, all of these motions should be GRANTED. All of the Defendants, except

for Jennifer Keese should be DISMISSED WITH PREJUDICE. Defendant Keese should be

DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

Plaintiffs Joe and Katherine McDuffie have sued the named Defendants in response to

events which rise out of the participation and actions of Willacy County Sheriff's Deputies

Salinas and Garza in the issuance and execution of an arrest warrant for Mr. McDuffie. Plaintiff

and his wife reside in a residential neighborhood in Port Mansfield, a community under the

jurisdiction of the Willacy County Navigation District. On December 15, 2000, Plaintiff was at

1

his home when he shot a stray dog with his shotgun. Mr. McDuffie claims that the dog was in his yard and was threatening to harm his dog. Defendant Jennifer Keese apparently witnessed the shooting, and later that day she reported the incident via telephone to the Willacy County Sheriff's Department. The Plaintiffs have a pre-existing and on-going dispute with Defendant Keese that continues at this time. On December 20, 2000, Defendant Keese went to the Willacy County Sheriff's Department to file a formal complaint regarding the dog shooting incident. In the report, which was compiled by Deputy Salinas, Keese claimed that she witnessed Mr. McDuffie fire the shotgun in the direction of a school bus. Deputy Salinas then took Keese to the Magistrate's office, where she signed an affidavit in front of a notary public.

Defendant Keese received a phone call sometime thereafter from the Magistrate's office. She was told that the Court was going to issue a warrant, and that she needed to return to their office. Keese appeared in Court and was sworn in by the Magistrate. Thereafter, the Court issued an arrest warrant for Mr. McDuffie. On January 18, 2001, Deputy Hector Garza and Deputy Noe Torres went to the Plaintiff's home and arrested him on the outstanding warrant. The deputies transported Mr. McDuffie to the Willacy County Sheriff's Department. Plaintiff contends that he was handcuffed tightly, and that indentations were present on his wrists. Mr. McDuffie appeared before the Magistrate the next morning and was read his rights. Shortly thereafter, Mr. McDuffie posted bond and was released from custody. The charges against Mr. McDuffie were later dismissed for insufficient evidence.

Plaintiffs also contend that Mrs. McDuffie made two complaints to the Willacy County Navigation District about the aforementioned stray dog in the neighborhood. Mrs. McDuffie claims that she was told by the Willacy County Navigation District that they were unable to

locate the stray dog and they had not received any other complaints about the dog. The

Navigation District has jurisdiction over citizen complaints about stray dogs in the neighborhood

in which the Plaintiffs live. Plaintiffs identify a Navigation District ordinance which provides

that dogs are to be confined or restrained by a leash. Further, the ordinance gives the Navigation

District the power to prevent animals from attacking people or domestic animals.

Mrs. McDuffie wears a knee brace that she claims she uses to walk, and contends that this

condition renders her disabled. She further asserts that the Willacy County Sheriff's Department

offered her "lesser/no services" as established in the Navigation District ordinance authorizing

action to prevent animals from attacking, and thus she was discriminated against. Plaintiffs

allege that this constitutes a violation of the Americans with Disabilities Act.

On August 17, 2001, Plaintiffs filed their Original Petition in the Willacy County District

Court. The claim was timely removed to this Court by counsel for Deputies Salinas and Garza.

In the most recently amended complaint, entitled "Third Amended Petition," Plaintiff Joe

McDuffie asserts causes of action against Deputy Salinas for unconstitutional arrest, malicious

prosecution, malicious harassment, false imprisonment, abuse of office, negligence, and

violations of the Texas Penal Code. Mr. McDuffie asserts causes of action against Deputy Garza

for unconstitutional use of force, abuse of office, and violations of the Texas Penal Code.

Plaintiff Joe McDuffie also brings a cause of action against Defendant Keese for defamation,

aggravated perjury, inconsistent statements, false report to get Plaintiff's wife fired from her job

as substitute teacher in 2000, malicious harassment, and violations of the Texas Penal Code.

Plaintiff Katherine McDuffie brings her causes of action against the Willacy County Navigation

District and Willacy County Sheriff's Department for alleged violations of the Americans with Disabilities Act ("ADA") of 1990.

## ANALYSIS

*Claims Against Deputy Salinas and Deputy Garza*

Defendants Guillermo Salinas, Jr. and Hector Garza have filed a Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[1] In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial.[2] The moving party may discharge its summary judgment burden by pointing out to the Court that there is an absence of evidence to support the non-moving party's case.[3]

In this case, the Plaintiff can not establish the existence of every element essential to their causes of action. More importantly, however, Officers Salinas and Garza are entitled to immunity. The defense of immunity is a product of the common law, and it essentially shifts the burden of pleading and proof. A party seeking damages from an official asserting immunity bears the burden of overcoming that defense.[4] The Supreme Court and the Fifth Circuit have

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] See EEOC v. Southern Publishing Co., 894 F.2d 785, 788 (5th Cir. 1990).

[4] See Bennett v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989).

repeatedly held that qualified immunity is immunity from suit rather than a mere defense to liability. Moreover, these Courts strongly encourage the trial courts to dispose of lawsuits in which qualified immunity is apparent from the pleadings.[5]

Individual officials are entitled to immunity when they are acting in the course and scope of their governmental duties, in accordance with clearly established law, and in good faith.[6] Qualified immunity is defeated only where the claimant establishes that the official violated a clearly established constitutional right.[7] There is a presumption in favor of immunity for public servants acting in their official capacity.[8] Moreover, the right violated must be so clear that a reasonable official would understand that what he is doing violates a constitutional right.[9] If reasonable public officials would not differ on the lawfulness of the officer's action, then the officer is entitled to immunity.[10]

In this case, both Deputies were acting in the course and scope of their discretionary duties at the times of their interaction with Plaintiff. Moreover, the undisputed evidence is that the Deputies were acting in good faith. Deputy Salinas took a report from a complainant, typed up that report, and directed the complainant to the Notary Public. There is no evidence that

---

[5] See e.g., Saucier v. Katz, 533 U.S. 194 (2001); Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985); and Streetman v. Jordan, 918 F.2d 555, 556-57 (5th Cir. 1990).

[6] See Harlow v. Fitzgerald, 457 U.S. 800 (1982).

[7] See Anderson, 483 U.S. at 635.

[8] See State of Louisiana v. Public Investors, Inc., 35 F.3d 216, 220-21 (5th Cir. 1994).

[9] See Anderson, 483 U.S. at 635.

[10] See Schultea v. Wood, 27 F.3d 1112, 1120 (5th Cir. 1994) (quoting White v. Taylor, 959 F.2d 539, 544 (5th Cir. 1992))..

Deputy Salinas did anything else to effect the arrest of Joe McDuffie. Reasonable officers in the same or similar positions to Deputy Salinas could handle the situation in the same manner. There is no competent evidence that a reasonable officer would have handled the situation in a different manner.

Deputy Garza arrested Plaintiff pursuant to a facially valid arrest warrant. There is no allegation of any physical force other than handcuffing. Again, as to Deputy Garza, there is no competent evidence that a reasonable officer would have handled the situation differently. As a result, Deputies Salinas and Garza are entitled to qualified immunity from the claims made against them as a matter of law, and summary judgment should be granted in their favor.

*Claims Against Willacy County Sheriff's Department and Willacy County Navigation District*

First and foremost, the Willacy County Sheriff's Department is not a legal entity with the capacity to sue or be sued. As a result, dismissal of the claims against the Sheriff's Department is proper in this case.

The District Court has the authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates beyond doubt, that Plaintiffs can not prove any set of facts that would entitle them to relief.[11] Further, the district court may dismiss a case for lack of jurisdiction over the person.[12] The ADA does not abrogate the 11th Amendment's immunity for arms of the state from federal court jurisdiction.[13] A navigation

---

[11] See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Doe v. Hillsboro I.S.D., 81 F.3d 1395, 1401-02 (5th Cir. 1996).

[12] See FED. R. CIV. P. 12(b)(2).

[13] See Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 374 (2001).

district, like Willacy County's, is created under the state constitution.[14]  Such agencies are arms

of the state entitled to 11th Amendment immunity.[15]  Therefore, this Court has no jurisdiction

over the claims against the Willacy County Navigation District.

However, even if the Navigation District was not entitled to 11th Amendment immunity,

Mrs. McDuffie still can not recover in this case.  She attempts to state a cause of action for

discrimination based on Title II of the ADA.  However, the services she claims to be entitled to

are not the type contemplated by the legislative scheme.  Specifically, the function of responding

to a complaint concerning a stray animal is one that is discretionary.  The ADA prohibits only

discrimination in or exclusion from the benefits of the public entity's services or programs.[16]

Enforcement of an ordinance that requires dogs be confined or on a leash is not: (1) a service

which residents receive, or (2) a program in which residents participate.  Therefore, even if

Plaintiffs prove the facts alleged in the complaint, i.e. that Mrs. McDuffie made a call to the

Willacy County Navigation District and no services were provided, Plaintiffs still can not prove

the elements necessary to state a claim for discrimination under Title II of the ADA.  Mrs.

McDuffie has claimed relegation to lesser/no services, but has made no allegation that her

complaints about a stray dog were treated any differently than those by any other citizen in a

similar situation.  Therefore, both the Sheriff's Department and Navigation District are entitled to

a dismissal in this case.

---

[14] See TEX. CONST. art. XVI, § 2; McCrea v. Harris County Houston Ship Channel Navigation Dist., 423 F.2d 605, 607 (5th Cir. 1970), cert. denied, 400 U.S. 927 (1970).

[15] See Pillsbury v. Port of Corpus Christi Authority, 66 F.3d 103, 104 (5th Cir. 1995).

[16] See 42 U.S.C. § 12132.

*Claims Against Jennifer Keese*

None of the Plaintiffs' claims against Jennifer Keese trigger federal court jurisdiction. All of the proposed causes of action amount to common law complaints that should properly be brought in state court. Therefore, this Court should dismiss Jennifer Keese from this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## RECOMMENDATION

For the above mentioned reasons, all of the Defendants in this case should be DISMISSED WITH PREJUDICE except for Jennifer Keese, who should be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

DONE at Brownsville, Texas this 21st day of May, 2002.

Felix Recio
United States Magistrate Judge

---

[17] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).