*39*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 2002

Michael N. Milby
Clerk of Court

JOE B. MCDUFFIE and
KATHERINE MCDUFFIE
    Plaintiffs,

VS                                                  Civil Action No. B-01-143

GUILLERMO SALINAS, JR
HECTOR GARZA
JENNIFER KEESE
WILLACY COUNTY SHERIFF DEPARTMENT
WILLACY COUNTY NAVIGATION DISTRICT
    Defendants

## PLAINTIFFS JOE B. MCDUFFIE AND KATHERINE MCDUFFIE OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs Joe B. McDuffie and Katherine McDuffie file this Objections to Magistrate Judge's Report and Recommendation.

**Challenge and Objections to the Analysis and Recommendations**

**I.**

In response to the assertion that Investigator Salinas was acting in the course and scope of his governmental duties, there exists a misconception put forward by Counsel for the Defense that Investigator Salinas had no other responsibility than to take a report from the complainant Jennifer Keese and forward it to the Justice of the Peace. This is not the case. The complaint had already been filed with the investigating officer, Deputy Nicholls, and placed with the Criminal Investigation division of the Willacy County Sheriff Department. It was then therefore incumbent on the Criminal Investigator, Guillermo Salinas Jr. then to investigate the validity of the complaint by using established procedures some of which were to at least talk to the listed witnesses. Guillermo Salinas Jr. is a Criminal Investigator and was assigned this case. He did no investigation. He called no witnesses. Simply put, he did not do his job. This resulted in the

inevitable compromise of the accused, Joe B. McDuffie's right to due process, and could very easily have resulted in the loss of Captain McDuffie's job as a pilot with Continental Airlines. It is bad enough to take one person's word over another, but in this case, it was just taking one person's word, period.

Plantiff does not believe that this constitutes an "investigation". Moreover, had the "witness" been interviewed, the matter would have been at an end. Laziness or ineptitude should not be grounds for "sovreign immunity".

## II.

In response to the assertion that Deputy Hector Garza was acting in the course and scope of his governmental duties, it was not just the extremely tight handcuffing of the accused Joe B. McDuffie, that is the issue. Notwithstanding the fact that this act caused temporary extreme pain and injury, Deputy Garza in the course of arresting Mr. McDuffie did not allow Mr. McDuffie to read over the warrant presented on the night of the arrest so as to ascertain who issued it, so that a possible contact could be made to prevent his overnight incarceration. Also Mr. McDuffie was handcuffed before he could be appropriately dressed for the weather and the conditions in which he was confined. Moreover Deputy Garza made an unauthorized stop at his residence prior to delivering Mr. McDuffie to the jail. Deputy Garza has admitted this to the court. It may also interest the court that Deputy Garza has had numerous complaints about the manner in which he has interrogated and arrested a number of other citizens in his jurisdiction.

The Deputy accompanying Deputy Garza, Deputy Noe Torres, voiced his concern and was very uncomfortable with Deputy Garza making his "detour" to his house while enroute to the jail, this was blatently disregarded by Deputy Garza. In view of the foregoing information, both Guillermo Salinas Jr. and Deputy Hector Garza acted in bad faith in the course of their duties. The Sherriff of Willacy County, Larry Spence, has long been aware of the problems with Deputy Hector Garza, but fails to act, possibly because his Father is a Justice of the Peace, former Chief of Police in Raymondville, and a friend of his.

### III.

In response to the assertion that the Willacy County Navigation District is entitled to immunity and did not discriminate against Mrs. McDuffie, the fact remains that Mrs. McDuffie is a qualified individual under the Americans with Disabilities Act 1990, and there existed at the time and still exists a threat to the public safety in the Port Mansfield community because of their unwillingness or inability to contain stray animals that can easily be cross contaminated with rabies from infected wildlife predominant in the area. The Port Director, Mike Wilson, stated in the minutes of the April 11th, 2001 meeting of the Board of the Willacy County Navigation District that he was the "Animal control officer" for Port Mansfield. How can this be discretionary? Especially when this kind of threat exists. The fact remains that Mrs. McDuffie in her repeated attempts to obtain help with stray animals from the Willacy County Navigation District, was in fact relegated to "lesser or no services" in this area. Another interesting point is that Director Wilson's own dog bit and injured a Port Mansfield child recently, and nothing was done.( The child required medical attention.)

### IV.

The assertion that there exists no relationship between the Willacy County Sheriff Department and the Willacy County Navigation District is incorrect, in that the Willacy County Navigation District provides on site residential property for Deputy Hector Garza free of charge so that they can have a law enforcement presence in the area. Deputy Garza and Investigator Salinas are both obviously responsible to and are under the control of the Willacy County Sheriff Department. Moreover, Deputy Garza utilizes the staff and facilities locally in Port Mansfield that are under control of Willacy County Navigation District.

### V.

If the Willacy County Navigation District truly believes that they are immune from the Americans with Disability Act of 1990, why then have they began an extensive effort to retrofit

with handicapped accomodations and even are moving both offices, including the one in Port Mansfield and Raymondville, due to the fact they were and are out of compliance?

## VI.

As concerns Defendant Jennifer Keese, Plaintiff contends that this defendant never should have been brought to this Court by the Counsel of Defendants Garza and Salinas, and therefore would pray that her case be remanded back to the County Court in Willacy County. Moreover, if her statements are examined in detail, it becomes evident that Defendant Keese did in fact commit perjury, and Plaintiff would pray that Defendant Keese's case be referred for criminal prosecution as well.

## CONCLUSION AND PRAYER

Plaintiffs Joe B. and Katherine McDuffie would pray that this case be set for trial, with the exception of VI above. However, if the Court's conclusion that this case not be referred to trial in this Court, that it not result in just an outright dismissal but rather be remanded to the appropriate Court, in part or in full.

Respectfully submitted,

Joe B. and Katherine McDuffie, *pro se*
Plaintiffs
104 Larkspur
Uvalde, Texas 78801
830-591-0210