IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOE B. MCDUFFIE and KATHERINE MCDUFFIE<br>Plaintiffs, | § § § § § | |
| vs. | § § | Civil Action No. B-01-143 |
| GUILLERMO SALINAS, JR., HECTOR GARZA, JENNIFER KEESE, WILLACY COUNTY SHERIFF'S DEPARTMENT, and WILLACY COUNTY NAVIGATION DISTRICT<br>Defendants | § § § § § § § § | |

*United States District Court*
*Southern District of Texas*
*FILED*

JUN 1 0 2002

Michael N. Milby
Clerk of Court

### RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants WILLACY COUNTY SHERIFF'S DEPARTMENT, GUILLERMO SALINAS, JR., and HECTOR GARZA, (hereinafter referred to as "Willacy County Sheriff Department Defendants"), file this Response to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendations, would respectfully show this Honorable Court the following:

### I.
### SUMMARY OF PLAINTIFFS' CLAIMS

Plaintiff Joe McDuffie files this suit against two Willacy County Sheriff Department deputies, complaining of their participation in the issuing and execution of an arrest warrant for Plaintiff Joe McDuffie. Plaintiff Katherine McDuffie files suit against the Sheriff's Department, complaining that the Department's response her complaint to the Willacy County Navigation District about a loose dog violated the Americans with Disabilities Act. The Magistrate properly recommended dismissal of Plaintiffs' claims as Plaintiffs fail to state a cause of action, and Deputies Garza and Salinas are immune from these claims as a matter of law.

Willacy County Sheriff Department Defendants filed a Motion for Dismissal pursuant to 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE on behalf of the Willacy County Sheriff's Department, and Motion for Summary Judgment on behalf of the two named deputies. The facts and case law supporting these motions is discussed at length in these respective motions. Defendants files this Response as a supplement thereto.

## II.
### DEPUTY GUILLERMO SALINAS

Plaintiffs complain that Deputy Salinas is not entitled to dismissal because he failed to investigate the claims made by Defendant Jennifer Keese. Defendant Keese swore under oath that she witnessed Plaintiff Joe McDuffie shooting a dog that was in the road, and that the shooting was in the direction of a school bus. An officer is entitled to rely on an eyewitness account determining probable cause, and does not have to take additional steps to corroborate the information. *Morris v. Dillard Department Stores, Inc.*, 2001 U.S.App. LEXIS 27184 (5th Circuit, December 26, 2001).

The statement by Defendant Keese constitutes sufficient evidence that Plaintiff Joe McDuffie may have violated the law. There is no general requirement that the officer secure "both sides" of the story in order to determine probable cause. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 121 (Tex.App.–Houston[1st Dist.] 1995, nwh). Upon receiving this information, the only action taken by Deputy Salinas was to prepare a report reflecting Defendant Keese's complaint, type Defendant Keese's affidavit, and he accompanied her when she signed the affidavit in front of the notary public. He did not execute an affidavit in support of the warrant, nor did he offer any testimony. In fact, the undisputed evidence is that Deputy Salinas was not even present when the warrant was issued. As a result, dismissal of the claims against Deputy Salinas is proper.

## III.
### DEPUTY HECTOR GARZA

Plaintiffs complain that Deputy Garza is not entitled to dismissal, but fails to identify any conduct by Deputy Garza that is a violation of state or federal law. The Willacy County Sheriff Department Defendants object to Plaintiffs' unfounded accusations regarding previous complaints against Deputy Garza. As this Court was previously advised, there is no evidence of any complaints

to the Sheriff's Department about Deputy Garza. Plaintiffs produced no competent summary judgment evidence in support of their groundless accusations, and Defendants object to any consideration of the same. As a result, dismissal of the claims against Deputy Garza is proper.

### III.
### WILLACY COUNTY SHERIFF'S DEPARTMENT

Plaintiffs complain that Willacy County Sheriff's Department is not entitled to dismissal because it has a relationship with the Willacy Navigation District, and one of its deputies also does work for the Navigation District. First, Willacy County Sheriff Department is not a legal entity with the capacity to sue or be sued. Second, the Americans with Disabilities Act allegation is based on the claim that Mrs. McDuffie's calls to the Navigation District did not result in an unleashed stray dog being removed from the streets. Navigation District ordinances govern animal control in their jurisdiction. Plaintiffs admit that Mrs. McDuffie contacted the Navigation District to complain about the stray dog. Plaintiffs complain of the Navigation District's failure to enforce its own ordinance, and allege that such failure constituted a violation of the ADA. There is no evidence of any law or ordinance mandating action by the Sheriff's Department.

Furthermore, the pleadings do not show the existence of discrimination on the basis of disability. The ordinance relied on by Plaintiffs merely authorized officers to take action against stray dogs, it does not demand the same. Moreover, the inability to locate a dog Plaintiffs complained about twice does not constitute a violation of the ADA. Plaintiffs do not allege, nor is there any evidence to support an allegation, that able-bodied citizens received different or better treatment, and that Mrs. McDuffie was deprived of a right on the basis of her disability. *Doe v. Pfrommer*, 148 F.3d 73, 82 (2nd Cir. 1998). As a result, dismissal of the claims against the Willacy County Sheriff's Department is proper.

WHEREFORE, PREMISES CONSIDERED, Defendants Willacy County Sheriff's Department, Guillermo Salinas, Jr. and Hector Garza pray that the Court enter Judgement in their favor, dismissing all of Plaintiffs' claims against them; and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**FLETCHER & SPRINGER, L.L.P.**
720 Brazos Street, Suite 1100
Austin, Texas 78701
(512) 476-5300 [voice]
(512) 476-5771 [facsimile]

_____
William W. Krueger III
State Bar No. 11740530
Southern District No. 12827
Joanna R. Lippman
State Bar No. 00791122
Southern District No. 29464

Attorneys for Defendants
**Guillermo Salinas, Jr. and Hector Garza
Willacy County Sheriff's Department**

### Certificate of Service

I here certify that a true and correct copy of the foregoing and attached Response to Plaintiffs' Objections has been provided to:

Joe and Katherine McDuffie, *pro se*
104 Larkspur
Uvalde, Texas 78801

Jennifer Keese, *pro se*
123 Beach St.
Port Mansfield, Texas 78598

Jaime Balli
**Adams & Graham, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551

by Certified Mail Return Receipt Requested on ___June 5___, 2002.

_____
Joanna R. Lippman